## W. F. THOMPSON ET AL. V. THE STATE.

### *No. 574. Decided February 16.*

1. **Scire Facias—Bail Bond—Judgment.**—On a scire facias proceeding on a forfeited bail bond, the judgment is properly rendered against the defendants severally for the amount of the bond. Code Crim. Proc., arts. 306, 441. Following Kiser v. The State, 13 Texas Criminal Appeals, 201.

2. **Bail Bond—Not Too Onerous, When—**A bail bond which binds the principal "not to depart from said court without leave," etc., is not more onerous than the law requires, on account of the use of the words "without leave."

3. **Expert Evidence—Harmless Error.**—Expert evidence as to how a name in a bond was spelled, though unnecessary, is harmless error.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

This is an appeal from a judgment final for $500 on a forfeited bail bond. Judgment was rendered against each of the defendants for $500, which was the amount of the penalty in the bond.

No further statement necessary.

*J. B. & Charles J. Stubbs,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is a scire facias case. It is contended by the appellants, the sureties on the bail bond, that there is a variance between the name of the principal on the bail bond and that in the scire facias; that W. F. Thampson was the principal in the bail bond, and that the scire facias has the name of W. F. Thompson, thus constituting the variance. We have before us the original bail

or appearance bond, and it shows beyond any question that the name of the principal therein, as written, was W. F. Thompson, and not Thampson; hence there was no variance between the scire facias and the bond. The judgment nisi was entered against the principal and the sureties for the sum of $500 each. This is complained of by appellants, and in support of their contention they cite Ishmael v. The State, 41 Texas, 245. This case, and all others holding the same doctrine, have been overruled. Kiser v. The State, 13 Texas Crim. App., 201.

Appellants also object to the bail bond, on the ground that it is more onerous than the law requires, in this: that it binds the defendant (the principal in the bond) " not to depart from said court without leave until discharged by due course of law." The objection is to the words "without leave." This is hypercritical, and not more onerous than the law requires. The bond is sufficient in every particular. The indictment was admissible in evidence. The bond required him to appear and answer the indictment, and the scire facias notified him that he had so bound himself. There was no necessity in this case for the State to prove by experts that Thompson was the name written in the bond, and not Thampson. This was evident from the document itself. The reception of such evidence, however, was harmless. We are not to be understood as holding it incompetent.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.