## BILL TRAIL v. THE STATE.

No. 4049. Decided January 22, 1909.

Rehearing Denied April 28, 1909.

**1.—Scire Facias—Bail Bond—Judgment Nisi—Capias.**

It is not necessary or material in a proceeding to forfeit a bail bond to show the defendant was arrested; and there was nothing in the contention that the capias by which defendant was arrested failed to charge an offense. Following Werbiski v. State, 20 Texas Crim. App., 131.

**2.—Same—Bail Bond—Variance—Judgment Nisi.**

In a forfeiture of a bail bond it is not necessary that either the bond or the judgment nisi should state whether the party was accused by information or complaint, and it is immaterial that the judgment nisi recited that the principal was charged by information, whereas the bond stated that he was charged by complaint.

**3.—Same—Joint and Several Obligation.**

Where the forfeited bond was a joint and several obligation, the judgment nisi was correctly rendered against each surety for the full amount of the bond; besides even if the obligation was a joint one, the judgment could be corrected. Following Rainbolt v. State, 34 Texas, 286,

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a judgment final of a forfeited bail bond, in the sum of $300, against the principal and his sureties.

*Smith & Wall,* for appellants.—On question of void capias: Harrell v. State, 22 Texas Crim. App., 692; Leal v. State, 51 Texas Crim. Rep., 425; 102 S. W. Rep., 414; Ochoa v. State, 102 S. W. Rep., 415; Parish v. State, 47 Texas Crim. Rep., 148; 82 S. W. Rep., 517; Woods v. State, 51 Texas Crim. Rep., 595; 103 S. W. Rep., 895; Cassaday v. State, 4 Texas Crim. App., 96; Harden v. Abbey, 57 Texas, 582; McLaren v. State, 3 Texas Crim. App., 680; Const., secs. 9, 19, art. 1. On question of variance: Wallace v. State, 10 Texas Crim. App., 255; Sweat v. State, 4 Texas Crim. App., 617; O'Brien v. State, 10 Texas Crim. App., 544; Brisco v. State, 4 Texas Crim. App., 219; Swetzer v. Claflin, 74 Texas, 670; Arrington v. State, 13 Texas Crim. App., 554; Brown v. State, 28 Texas Crim. App., 65.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

BROOKS, JUDGE.—This appeal is from the judgment of the County Court on a forfeited bail bond. Appellant insists that no forfeiture of bond could be taken, because the capias upon which the principal was arrested failed to charge any offense against the law, and that an arrest could not be had without a capias, and as the capias was void, therefore the whole proceeding, as well as the taking of the bond, was void. It is not necessary or material, in a proceeding to forfeit a bail bond, to show the defendant was arrested. See article 443, Code of Criminal Procedure. In the case of Lindley v. State, 17 Texas Crim. App., 120, we held that it was a requisite to the validity of a bond for the State to show a legal capias. The case cited, however, was subsequently overruled in Werbiski's case, 20 Texas Crim. App., 131, and followed in Conner's case, 9 S. W. Rep., 63.

Appellant further contends that there is a variance between the bond and the judgment nisi, and that the judgment nisi recites that the principal stands charged by information, whereas, the bond says by complaint. We hold that it is not necessary that either the bond or the judgment nisi should state whether the party was accused by information or indictment, and that it is not necessary to allege either one or the other. The variance, if as stated, would be an immaterial one. See McGee v. State, 11 Texas Crim. App., 520.

The last insistence of appellant is that the judgment is erroneous, in that it is against each surety for the full amount of the bond, while the bond charged upon was a joint obligation. The bond is not a joint obligation, but a joint and several obligation, and so states upon its face; but even if it had been, this court could correct same as indi-

cated in the following authorities: Mathena v. State, 15 Texas Crim. App., 460; Rainbolt v. State, 34 Texas Crim. Rep., 286. As stated, however, the bond is both joint and several.

We find no error in this record and the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 28, 1909.—Reporter.]