### F. L. STALLINGS ET AL. v. THE STATE.

No. 3564. Decided May 26, 1915.

**1.—Scire Facias—Principal and Surety.**

The statute requires that the judgment nisi against the principal and the sureties shall be for the full amount of the bond against the principal and each of the sureties, and there was no error on this ground.

**2.—Same—Sufficiency of Bail Bond.**

Where, upon trial of scire facias proceedings, the bail bond complied with the requirements of the statute, the same was sufficient, and there was no reversible error.

Appeal from the District Court of Lipscomb. Tried below before the Hon. F. P. Greever.

Appeal from a judgment final on a bail bond of $1000.

The opinion states the case.

*Hoover & Dial* and *J. W. Sanders,* for appellants.—On question of insufficiency of bail bond: State v. Phelps, 38 Texas, 555; Vivian v. State, 16 Texas Crim. App., 262; Teel v. State, 3 id., 326.

*C. C. McDonald,* Assistant Attorney General, for the State.—Horton v. State, 43 Texas Crim. Rep., 600; Nichols v. State, 47 id., 406; Hannon v. State, 48 id., 199; Davis v. State, 56 id., 131; Winn v. State, 5 Texas Crim. App., 621.

PRENDERGAST, PRESIDING JUDGE.—This is a scire facias case. F. L. Stallings had an examining trial before a justice of the peace of Hemphill County on a complaint charging him with swindling,—a felony. Upon the hearing the justice of the peace required him to give bond as required by law in the sum of $1000 to appear before the next term of the District Court of that county. Thereupon he, with Geo. Gerlach and C. L. Tennison as sureties, entered into the proper bail bond, which we here copy:

"State of Texas,
County of Hemphill.

Know all men by these presents: That we, F. L. Stallings as principal, and George Gerlach and C. L. Tennison as sureties, are held and firmly bound unto the State of Texas in the penal sum of One Thousand ($1000.00) Dollars, for the payment of which sum, well and truly to be made, we do bind ourselves and each of us, our heirs, executors and administrators, jointly and severally, by these presents, signed and dated this the 7 day of March A. D. 1914.

The condition of the above obligation is such, that, whereas, the above named F. L. Stallings, stands charged by complaint with the offense of a felony, and upon a hearing of said complaint before C. B. Haynie, a justice of the peace of said county, sitting as an examining court, the said F. L. Stallings was, on the 7th day of March, 1914, by an order of said court, required to give bail in the sum of one thousand dollars for his personal appearance before the District Court of said county at the next term thereof, to answer the State of Texas upon the said charge above named, or in default of such bail, to be committed to the jail of said county. Now, if the said F. L. Stallings shall well and truly make his personal appearance before the said District Court at its next term, to be begun and holden at the courthouse of said county in the town of Canadian, on the 10th

day of August, A. D. 1914, the same being the second Monday in said month, and there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, then this obligation shall become void; otherwise, to remain in full force and effect.

F. L. Stallings,
George Gerlach,
C. L. Tennison.

Approved this the 7 day of March, 1914.

C. H. Tipps,
Sheriff, Hemphill County, Texas."

Stallings failed to appear as the bond bound him and a proper forfeiture was had thereon and judgment nisi properly entered. Proper and regular citation was duly issued thereon which was duly served on said Gerlach and Tennison and at the proper time a regular judgment final was entered thereon. The statute in every particular was strictly complied with.

Appellants contend that the judgment is erroneous because it was against the principal for the full amount and against each of the sureties for the full amount.

The statute requires this and the decisions so hold. C. C. P., arts. 489-501; Kiser v. State, 13 Texas Crim. App., 201; Thompson v. State, 34 Texas Crim. Rep., 135; Avant v. State, 33 Texas Crim. Rep., 312.

He claims the bond was invalid and judgment could not be rendered thereon on these grounds: (1) It did not require the principal to make his personal appearance before the District Court of Hemphill County as required by statute. The reverse of his contention is true as is shown by a reading of the bond copied above. (2) Because the statute requires that if the principal is charged with a felony the bond shall so state. The statute so requires and this bond strictly complies therewith, as a reading of it shows. (3) He claims the bond failed to state before the District Court of what county the principal was to appear. The reverse of this is true as shown by the bond.

We have carefully read appellants' brief and noted the authorities cited. The authorities they cite are inapplicable. We regard appellants' contentions as hypercritical. The heading of the bond in these words, "State of Texas, County of Hemphill," is unquestionably a part of it and when the bond recites that the justice of the peace required him to give bail for his personal appearance before the District Court of said county at the next term thereof, it could refer to no other county than Hemphill and unquestionably did refer to that county and that alone.

Likewise his contention that when the bond states that the principal is charged by complaint with the offense of a felony does not mean that the offense with which he was charged was a felony is more than hypercritical.

The judgment is affirmed.                    *Affirmed.*