### M. D. Anderson v. The State.

#### No. 4919. Decided March 6, 1918.

**Scire Facias—Bail Bond—Offense.**

Where, upon an appeal from a final judgment against the appellant as a surety on a bail bond, the alleged bond recited the offense to be violating the local option law, the same was fatally defective, as there is no such offense eo nomine described by law, and no valid judgment can be entered upon such bond; therefore, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a judgment final on an appeal bond of five hundred dollars.

The opinion states the case.

*Sid Crumpton,* for appellant.—Cited Stephens v. State, 98 S. W. Rep., 859; Parish v. State, 47 Texas Crim. Rep., 148, 82 S. W. Rep., 517; Woods v. State, 51 Texas Crim. Rep., 595, 103 S. W. Rep., 895.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant appeals from a final judgment against him as a surety in a scire facias case on what was claimed to be a bail bond.

He points out many defects of this bond and conflicts therein which he claims are fatal to prevent any valid judgment thereon against him. It is unnecessary to even state all of these.

It is difficult to conceive of more mistakes and conflicts in a bail bond than were made in this one. However, it is only necessary to state one.

The law prior to the Act of 1899, page 111, which amended article 321, Code of Criminal Procedure, prescribed as one of the requisites of a bail bond that it should distinctly state the offense of which the defendant was accused, and that it must appear to be an accusation of some offense against the laws of the State. The said article, as it

has been since amended by the Act of 1899, instead prescribes as one of the requisites that the bond shall state that the defendant is charged with an offense; that is, a felony, if the charge is a felony; but if a misdemeanor, that it shall state that he is charged with a misdemeanor. In other words, the law now is that the bond in this particular will be sufficient if it states merely that the offense charged is a felony without telling what the offense is. Under this statute either this must be done, or the specific offense must be stated.

In this bond the offense is stated as "violating the local option law." There is no such offense eo nomine prescribed by law.

This defect renders the bond fatally defective. No valid judgment could be rendered thereon, if there were no other defects. It is unnecessary to cite the decisions. They are noted under articles 320 and 321, Code of Criminal Procedure.

Reversed and remanded.

*Reversed and remanded.*