Owen Sanders, et al. v. The State.

No. 5604.   Decided December 3, 1919.

1.—Scire Facias—Citation—Judgment Final.

Where, upon *scire facias* proceedings, the record on appeal showed that the principal gave bond which was forfeited, and none of the sureties were served by citation to answer the forfeiture, except one, but judgment final was taken against all the sureties, the same was reversible error.

2.—Same—Rule Stated—Citation of Sureties—Practice.

The rule is that where there are more parties than one on the bond, and the sureties have not all been served, a judgment cannot be rendered against them, even by default, and unless a dismissal is had of those not served a final judgment cannot be taken.

3.—Same—Judgment—Forfeiture of Bail Bond—Statutes Construed.

Where the sureties are jointly and severally liable, the judgment must so decree, and it is not sufficient to render a judgment only specifically against each surety for the amount stipulated in the bond; this being a statutory bond.

4.—Same—Bail Bond—Description of Offense—Rule Stated.

It is necessary that the *scire facias* shall state the offense with which the principal is charged, and unless this is done, final judgment cannot be correctly rendered upon the bond, and where the recitation of the offense in the bail bond was that the principal stood charged with the offense of selling liquor in violation of the local option law, the same was insufficient. Following: Stephens v. State, 50 Texas Crim. Rep., 531, and other cases.

Appeal from the District Court of Cook. Tried below before the Hon. C. R. Pearman, judge.

Appeal from a *scire facias* proceedings forfeiting bail bond in the sum of five hundred dollars.

The opinion states the case.

J. T. Adams, for appellant.

E. A. Berry, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a *scire facias* case. The record discloses that the principal gave bond, which was forfeited. None of the sureties were served by citation to answer the forfeiture except one, but judgment final was taken against all of the sureties. The authorities sustain the proposition contended for by appellants, that where there are more parties than one on the bond, and the sureties have not all been served, a judgment cannot be rendered against them, even by default. Some disposition must be made in the judgment of those not served. This is done by a dismissal of those not served if a judgment is desired to be taken against those who were served. A final judgment, under such circumstances, cannot be rendered, and especially as against those who are not served.

It is contended also that the judgment is fatally defective in its recitals, in that it made the bond final for the five hundred dollars stipulated in the bond against each party. We are of opinion the judgment does not comply with the law. The sureties are jointly and severally liable, but the judgment must so decree. It is not sufficient that it renders a judgment only specifically against each surety for the amount stipulated in the bond. All of the sureties are as well jointly liable for the amount. They are also severally liable, but the judgment must follow the terms of the statute. This is a statutory bond.

It is also contended that the bail bond was not sufficient. The recitation of the offense in the bail bond was that the principal stood charged "with the offense of selling liquor in violation of the local option law." This is not sufficient. There are quite a number of adjudicated cases holding that such is not a sufficient recitation of the offense for violation of the local option law. See Stephens v. State, 50 Texas Crim. Rep., 531; Cravey v. State, 26 Texas

Crim. App., 84; Anderson v. State, 83 Texas Crim. Rep., 130, 201 S. W. Rep., 994, It is necessary that the scire facias shall state the offense with which the principal is charged, and unless this is done final judgment cannot be correctly rendered upon the bond.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*