### RHEINER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1921.)

No. 3681.

1. **Bail ⊜⟹58—Description of offense in bond by well-known name is sufficient.**

It is sufficient if a bail bond substantially sets forth a crime, and it may be described by its well-known name, as embezzlement; the particularity of an indictment not being required.

2. **Banks and banking ⊜⟹257(1)—Charge of offense by officer of national bank held sufficient.**

Under Federal Reserve Bank Act. § 2 (Comp. St. § 9786), requiring every national bank to become a member of a federal reserve bank under penalty of forfeiture of its charter a charge that a defendant as an officer of a national bank falsified its books or embezzled its funds is sufficient, as charging that he was an officer of a "member bank," within Rev.

St. § 5209, as amended by Act Sept. 26, 1918, c. 177, § 7 (Comp. St. Ann. Supp. 1919, § 9772).

3. Bail ☞58—Averment in bail bond that act was done fraudulently held equivalent to one that it was done with intent to defraud.

An averment in a bail bond that an act of defendant was committed fraudulently *held* sufficient, where the statute required the act in order to constitute an offense should be done "with intent to defraud."

In Error to the District Court of the United States for the Western District of Texas, Del Rio Division; William R. Smith, Judge.

Proceeding by the United States against F. J. Rheiner and others for forfeiture of bail bond. From a judgment of forfeiture (U. S. v. Davenport, 266 Fed. 425), defendants bring error. Affirmed.

L. Old and W. D. Love, both of Uvalde, Tex., for plaintiffs in error. Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiffs in error, F. J. Rheiner as principal, and the others as sureties, executed a bail bond in favor of the United States, defendant in error. The principal failing to appear for trial, the bond was declared forfeited by judgment nisi. Thereafter writs of scire facias issued, and judgment final was entered up against all the plaintiffs in error. We have not been favored with a brief by the government.

The charge against the principal is described in the bond as that of—

"having, on or about the 7th day of December, A. D. 1918, within said district, in violation of section 5209 of the Revised Statutes of the United States, unlawfully, willfully, and fraudulently made false entries in the books of the Uvalde National Bank, of which said bank he, the said F. J. Rheiner, was then and there cashier, said bank being an association incorporated and operating under and by virtue of the national banking laws of the United States of America; and it is further alleged that the accused did forge the names of certain depositors of said bank, and otherwise did misapply and embezzle the moneys, funds, and credits of the aforesaid bank."

[1] It is contended that an offense is not sufficiently described to form the basis of the judgment. According to the weight of authority, it is sufficient if a recognizance substantially sets forth a crime. It is not required to be proof against all the objections which might well be urged against an indictment. United States v. Zarafonitis, 150 Fed. 97, 80 C. C. A. 51, 10 Ann. Cas. 290. 3 R. C. L. 38. But it is said a different rule prevails in Texas, and that under section 1014 of the Revised Statutes of the United States (Comp. St. § 1674), the "mode of process" or procedure should be followed. Conceding that, we find that prior to 1899 one of the requisites of a bail bond was:

"That the offense of which defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the state."

In 1899, however, it was enacted that a bail bond should be deemed sufficient as to description of the offense—

"if the defendant is charged with an offense that is a felony, that it state he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor." Texas Code of Criminal Procedure 1895, art. 309, as amended by Acts 1899, c. 74.

Texas decisions prior to and under the act of the Legislature of 1899 are collected in a note to the case of State v. O'Keefe, 32 Nev. 331, 108 Pac. 2, in 38 L. R. A. (N. S.) 312 et seq. In Anderson v. State (1918) 83 Tex. Cr. R. 130, 201 S. W. 994, it is said:

"In other words, the law now is that the bond in this particular will be sufficient, if it states merely that the offense charged is a felony, without telling what the offense is. Under this statute, either this must be done, or the specific offense must be stated."

While the rule in Texas appears, therefore, to be more strict than that which generally prevails, yet an offense need not be described in a bail bond with all the particularity necessary in an indictment. It is sufficient to describe a crime by its well-known name, as that it is seduction, Wisdom v. State (Tex. Cr. App.) 86 S. W. 756; or embezzlement, Nichols v. State, 47 Tex. Cr. R. 406, 83 S. W. 1113; or libel, Jones v. State, 38 Tex. Cr. R. 364, 43 S. W. 78, 70 Am. St. Rep. 751; or forgery, Bowman v. State (Tex. App.) 13 S. W. 1009.

[2] Section 5209, Revised Statutes, was amended by the Act of September 26, 1918, 40 Stat. 972 (Comp. St. Ann. Supp. 1919, § 9772). Offenses by officers of national banking associations remained so under the amendment, when committed by officers "of any Federal Reserve Bank, or of any member bank." It is nevertheless contended that Rheiner, the principal in the bond, is not charged with having violated the statute as amended, notwithstanding that he might be well charged with making false entries in the books of a national bank. There cannot possibly be any merit in this contention, because, under section 2 of the Federal Reserve Act (Comp. St. § 9786), the charter of any national banking association which failed to become a member bank of the Federal Reserve System within one year after its enactment was forfeited. Therefore, on the date named in the bail bond, every national bank was a member bank, and, since Rheiner was charged with making false entries in the books of the Uvalde National Bank, he was necessarily charged with making such entries in the books of a member bank, and of violating section 5209 as amended.

[3] The description of the offense is also attacked, because of the failure to allege that the acts therein set out were committed with intent to defraud. Keeping in view that we are considering a bond, and not an indictment, we think the charge that the false entries were fraudulently made was a sufficient statement that they were made with intent to defraud. But if it be conceded, for the sake of argument, that it was absolutely essential to allege that the book entries were made with intent to defraud, that allegation of intent is not required in charging the misapplication and embezzlement of bank funds, which are also offenses recited in the bond and denounced by the statute. Embezzlement needs no definition, and, if no other crime

had been set out, the principal and the sureties on his bond would have been properly held liable.

The judgment is affirmed.