## ZELMA WILKES v. THE STATE.

### No. 8868.    Delivered May 6, 1925.

**1.—Forfeiture of Bond—Variance—Judgment Nisi and Scire Facias.**

Where on a forfeiture of bail the judgment nisi declared the forfeiture of a recognizance, when in fact the defendant gave a bail bond, it was error for the court to enter a judgment nunc pro tunc on the bail bond in lien of the recognizance.  Following Hutchings v. State, 24 Tex. C. A. 242 and other cases cited.

**2.—Same—Continued.**

Where the appeal bond given described the date of the conviction as on the 7th day of April, it was error for the court to grant a motion of the state correcting the date of said conviction as set out in the bail bond to read on the 6th day of April instead of the 7th day of April, either with or without notice thereof to the principal and sureties on said bond, and we are clearly of the opinion that this action of the court requires a reversal of this cause.  Following Hand v. State, 28 Tex. C. A. 28 and other cases cited.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a judgment of the Criminal District Court of Tarrant County making a judgment nisi final on a bond forfeiture.

· The opinion states the case.

*Sam S. Beene, W. F. Kelly,* Ft. Worth, for appellant.

*R. K. Hanger,* District Attorney, Ft. Worth; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

100 Tex. Crim.—37.

BAKER, JUDGE.—This is an appeal from a judgment of the Criminal District Court of Tarrant County making a judgment nisi final against the appellants herein.

The record discloses that Zelma Wilkes was convicted or murder and his punishment assessed at ten years' confinement in the peni tentiary, from which judgment he appealed to this court, and same was affirmed; that after the adjournment of the trial court he entered into a bail bond with the appellants as sureties thereon. When the mandate of this court was returned to the trial court, said Wilkes failing to appear, the bond was forfeited and a judgment nisi entered against the principal and sureties on the bond, reciting that same was a recognizance entered into in open court. Thereafter a *scire facias* was issued to. the said bondsmen, citing them to show cause why said judgment nisi should not be made final, and at the proper time they filled their answer, attacking the judgment nisi and *scire facias* in many ways, alleging that the nisi judgment was declared upon a recognizance when in fact the defendant gave a bail bond, and alleging and setting up many other variances between said judgment, *scire facias* and bond. The record discloses that thereafter, during the same term of court and before the said answer was acted upon, the district attorney moved the court to allow him to enter a judgment *nunc pro tunc* declaring a nisi judgment on the bail bond in lieu of the recognizance, and in effect asking and seeking by said motion to cover all the objections made by said answer of said sureties, and also asking to change the date in the bail bond from the 7th of April to the 6th of April to conform to the correct date on which the defendant was convicted, whereas the bail bond described the date of the conviction of said defendant as being the 7th day of April when the facts showed that the true date was the 6th day of April; which motion was by the court in all things granted on January 15, 1924, as shown by the record in the cause, and said judgment made final on the 7th day of February, 1924, at the same term of court, all of which action in granting said motion and making the judgment final as aforesaid was without notice to either the principal in the bond or the sureties therein as disclosed by the bill of exception of appellants herein, the appellants herein seriously contending before this court that the trial court committed many errors in many ways pertaining to the matters here in question. But, from the view we take of the record, it will be necessary to consider but few of the questions raised.

We are unable to conceive what authority the court would have to change the bond in any material way without the consent of the parties to said bond, either with or without notice thereof. and it occurs to us that it was material in the bail bond given and in

describing the date of the conviction of the defendant to state the date of said conviction, and under said belief we are of the opinion that the court erred in changing said date in said bond, and especially without notice to the principal and the sureties thereon. We are also in serious doubt as to the right of the court. after he had entered judgment nisi forfeiting the recognizance, to then enter judgment *nunc pro tunc* as a judgment nisi on a bail bond. It occurs to us, as the conditions in the two instruments are different, that to enter judgment *nunc pro tunc* as in this instance would be entering judgment on a different instrument and as a basis for a different cause of action. However, the defendant or principal in the bail bond was interested as well as the sureties thereon in a judgment nisi taken against him, and there certainly can not be any controversy over the question that the court could not enter a *nuns pro tunc nisi* judgment, as in the instant case, without giving notice to the principal in the bond—the defendant in the case' below—and we are clearly of the opinion that this action of the court requires a reversal of this case. Hutchings v. State, 24 Tex. Cr. App. 242; Hand v. State, 28 App. 28; Quarles v. State, 37 Cr. App. 362; Hamilton v. Hamilton, 225 S. W. 69; McGaugh v. State, 50 S. W. 712; Uppenkamp et al. v. State, 229 S. W. 544.

In the Hand case, *supra,* the court says:

"The objections to the recognizance were well taken (Wright v. The State, 22 Texas Ct. App., 670), and such seems to have been the opinion of the trial judge, for he proceeded of his own motion from memoranda upon his docket and his recollection to amend the recognizance *nunc pro tunc,* so as to cure its intrinsic defects in this regard. This was done without notice of the principal in the recognizance, and over objections of the sureties. The principal was the chief obligator in the recognizance, was directly interested in any matter affecting its validity, and he was entitled to notice of any proposed amendment of it. Without such notice to him it could not be legally amended"—

Citing authorities. And all of the above authorities *supra* seem to follow the doctrine laid down in that case.

There are other objections urged by the appellants, but the same are not likely to occur in the trial court again, and it will not be necessary to discuss same at this time.

For the errors above discussed, we are of the opinion that the judgment of the lower court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.