### E. D. BERRY v. THE STATE.

No. 8869.    Delivered October 14, 1925.

**Forfeiture of Appeal Bond—Amending Judgment—And Scire Facias.**

Where on forfeiture of a recognizance and judgment *nisi* entered, and *scire facias* served, and answer filed by sureties, the judgment *nisi* and *scire facias* cannot be amended on motion of the state at a subsequent term, without notice to sureties, and final judgment by default entered *nunc pro tunc.* Following Hamilton v. Hamilton, 225 S. W. 69; Gause v. State, 60 Tex. Crim. Rep. 220.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

A brief appears in record, unsigned, and the names of attorneys for appellant cannot be ascertained.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal from the Criminal District Court of Tarrant County, making a judgment nisi on a recognizance final. The record discloses that the defendant E. D. Berry in the trial court was convicted of unlawfully manufacturing intoxicating liquors, and upon appeal entered into a recognizance with the appellants as sureties. That his case in this court was affirmed, and said

recognizance forfeited in th etriol court and judgment nisi accordingly rendered. That *scire facias* was issued, and served upon the appellants, Eury and Henderson, citing them to show cause why judgment nisi upon an appeal bond should not be made final, and in due time the said appellants filed their pleadings urging discrepancies and variances between said judgment nisi and scire facias, including the alleged variance between judment *nisi* based upon a recognizance and *scire facias* alleging a bond. This pleading was filed January 8th 1924, the appearance day of the first term of Court after said judgment *nisi* was taken at a former term thereof. On January 22, 1924, the State through her Criminal District Attorney presented an amended motion to amend his judgment *nisi* and have same entered *nunc pro tunc* as of date Sept. 14, 1923, and to amend his *scire facias.* Which motion was on the same date it was filed January 22, 1924, granted and said judgment *nunc pro tunc* entered and without notice to the appellants. The amendments as to both instruments seem to have been intended to cover the objections urged to same by appellants. The judgment was made final Feb. 7, 1924. The appellants filed their motion for a new trial after they allege they found out about the matters above mentioned, urging all of their said objections set out in their answer and further urging that same was done without any notice to them and that said proceedings were insufficient to form a basis for default judgment, which was urged at the same term of court that the amendments, were allowed the orders of the court granting the motion for judgment *nisi, nunc pro tunc,* and the judgment final thereon was granted. The Court overruled the motion. The appellants cite many authorities and urge many objections to the actions of the court to the proceedings above mentioned, but from our conception of the record it is only necessary for us to consider whether or not the district court had a right to allow or grant the district attorney's motion, at a subsequent term of court to change his judgment *nisi* and enter a *nunc pro tunc* judgment without notice to appellants and make same final without such notice and to change his *scire facias* setting up a new cause of action without notice to the opposite side. We think not; in the case of Hamilton v. Hamilton, 225 S. W., 69, Judge Jenkins on the Court of Civil Appeals held a judgment *nunc pro tunc* was void without proper notice, citing R. S. Art. 2015, which requires notice to all parties interested. This court in the case of Uppenkamp et al. v. State, 229 S. W. 544, by Judge Hawkins in a forfeiture case where the record showed a variance in the name stated, ''The State was not without its remedy, upon notice to the sureties, and proper proof, the judgment nisi could have been amended, etc.'' Citing authorities; also see Gause v. State, 60 Tex. Crim. Rep. 220, 131 S. W. 605. We think the above authorities are sufficient without citing additional author-

101 T. C.—33.

ities to support the contention of appellants that the trial court was without authority to change said judgment *nisi* and enter same *nunc pro tunc* and make same final without notice to them, and that said motion for a new trial should have been granted. The judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.