## C. J. DUNN ET AL. V. THE STATE.

No. 15136. Delivered March 30, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 307.

The opinion states the case.

*Haag & Stubbeman,* of Midland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is an appeal from a final judgment upon forfeiture of a bail bond.

Mr. Dunn was indicted in Midland county, Texas, for permitting property under his control to be used as a place for gaming, a felony. He made an appearance bond with Hanks and Currie as sureties. On November 25, 1930, the case being called for trial and Dunn failing to appear, his bond was forfeited and a proper judgment nisi was rendered against him and said sureties. In said judgment, among other things, was the following recital:

"And it is ordered, adjudged and decreed by the court that the State of Texas do have and recover of and from the said C. J. Dunn as princi-

pal, the sum of One Thousand and no/100 Dollars; and in like manner that the State of Texas do have and recover of and from the said C. E. Hanks and R. J. Currie as sureties, the sum of One Thousand and no/100 Dollars each, and that this judgment will be made final unless good cause be shown at the next term of this court why said defendant did not appear."

Citations were issued and served on said sureties, who filed what is called defendants' original answer, which, upon examination, shows to be merely a request that the court "Give them the rest of the term in which to bring in the principal." It is also stated therein that said sureties were under the impression that Dunn had made another bond, and that hence they were released.

The district court of Midland county holds two terms each year, beginning on the first Mondays in February and September, respectively, and continuing three weeks. The answer above referred to was filed February 2, 1931, but if called to the attention of the court, or action taken thereon, this is not shown. At the September term, 1931, of said court, and on October 3rd the judge entered a nunc pro tunc final judgment in said cause as of date February 19, 1931, the recitals of which followed those of the judgment nisi above set out,—and further set forth that on said February 19, 1931, said final judgment was rendered, but that same was not then entered upon the minutes, and that same were now entered as of said date.

By proper writ of error and supersedeas bond said sureties bring the case to this court upon three propositions, viz: First, there is a fatal variance between the bond and the judgments nisi and final, in that the bond of the parties bound them for $1,000 "Jointly and severally," whereas the judgments were rendered against the principal in the sum of $1,000, and against the sureties for $1,000 each. Second, that no valid nunc pro tunc judgments were entered, because no notice was given these sureties of any such intention prior to such entry. Third, the indictment having been quashed, judgment final upon the bond forfeiture was void and of no effect.

Our statutes are unusually plain in telling what should be done in bond forfeiture cases. Article 425, C. C. P., states: "Judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, the amount of money in which they are respectively bound." Article 427, Id., regarding citation to the sureties, states: "It shall state * * * the amount for which it (the judgment) was taken against each party thereto." Article 437, Id., recites "* * * judgment shall be made final against him and his sureties for the amount in which they are respectively bound; * * * Separate executions shall issue against each party for the amount adjudged against him." Article 435, Id., recites: "* * * the judgment * * * shall not

be set aside because of any defect of form; but such defect of form may, at any time, be amended under the direction of the court."

The books are full of cases on the point involved. In Kiser v. State, 13 Texas App., 201, Judge Willson said:

"The judgment *nisi* was rendered against the defendants *severally* for the amount of the bond. In this we think there was no error. They were severally bound under the law, and the law requires that the judgment should be thus rendered against them. (Code Crim. Proc., arts. 306 and 441). The final judgment is against them *jointly* and *severally*. This is a variance from the judgment *nisi,* and is not strictly correct; but, in our opinion, it is immaterial, and not sufficient to vitiate the judgment."

Practically the same thing is said in Fulton et al. v. State, 14 Texas App., 34. In Mathena v. State, 15 Texas App., 461, Judge White writes forcibly, and says: "Now, however, they cannot sever the amount of the obligation, and all must unite in making themselves liable for the full sum for which the principal is bound; and in our opinion they are each bound for that amount, both jointly and severally. They are jointly bound by the virtue of the undertaking, but are severally bound because *the law* fixes their *status* as that of several, and not joint, obligors."

The court in its opinion further states that this does not mean that such amount is in any event collectible from each, but that payment by any one of said parties is full and complete settlement and satisfaction for all as far as the state is concerned. This is a correct announcement. In Allee v. State, 28 Texas App., 531, 13 S. W., 991, this court said: "There is no material variance between the judgment *nisi* and the citation. The liability of the sureties upon a bail-bond or recognizance is several as well as joint, and it is immaterial whether it be stated in the judgment *nisi* or the citation to be joint, or several, or joint and several. Code Crim. Proc., arts. 290-306; Mathena v. State, 15 Texas App., 460."

In Avant v. State, 33 Texas Crim. Rep., 312, 26 S. W., 411, Judge Davidson said: "The judgment nisi was entered against the parties severally, and this is assigned as error. There is no merit in the position."

In Thompson v. State, 34 Texas Crim. Rep., 135, 29 S. W., 789, Judge Henderson said: "The judgment nisi was entered against the principal and the sureties for the sum of $500 each. This is complained of by appellants, and in support of their contention they cite Ishmael v. State, 41 Texas, 245. This case, and all others holding the same doctrine, have been overruled. See Kiser v. State, 13 Texas App., 201."

See Trail v. State, 56 Texas Crim. Rep., 73, 118 S. W., 714, opinion by Judge Brooks, holding likewise. In General Bonding Co. v. State, 73 Texas Crim. Rep., 656, 165 S. W., 615, the judgment nisi sets out as follows: "That the State of Texas do have and recover of and from Henry Jackson as principal, the sum of fifteen hundred dollars; and in

like manner that the State of Texas do have and recover of and from the said General Bonding & Casualty Ins Co., as sureties, the sum of fifteen hundred dollars each." This was held correct. Judge Davidson dissented in this case, but upon other grounds. In Stallings v. State, 77 Texas Crim. Rep., 23, 177 S. W., 132, there is fully set out a bond similar to the one here, in the judgment upon forfeiture of which it is stated that complaint was made "* * * Because it was against the principal for the full amount and against each of the sureties for the full amount." This was held a correct recital. Appellants cite on this point two cases, Saunders et al. v. State, 86 Texas Crim. Rep., 322, 216 S. W., 870, and Gass et al. v. State, 110 Texas Crim. Rep., 238, 8 S. W. (2d) 123. We do not regard the announcement of either upon the point here at issue as sound, and in so far as contrary to what has been so long and so often held otherwise, and to any extent as contrary to what we have here said, same will be overruled. The binding force of an obligation like this bond, resting upon a group jointly and severally, is in nowise affected by a recital in a judgment declaring thereon that it is against each for the full amount. This is what Judge Willson said in the Allee case, supra.

On the second point advanced by appellants, we find nowhere in the record anything to support their contention that they were not notified of the entry of the nunc pro tunc judgment. No motion for new trial seems to have been made. No testimony appears to have been heard, nor is there any fact statement or agreement made by which we may be able to see that they are justified in this contention. We accord correctness to the official acts of public officers until same are in some tangible way shown to be wrong. The record being silent upon the question of notice, we must presume that whatever notice was requisite was given. See section 366, volume 15, R. C. L.

In support of their third contention, appellants cite Bell v. State, 79 Texas Crim. Rep., 407, 186 S. W., 328. The case is not in point. In the case before us the final judgment was entered before the indictment was quashed. Not so in the Bell case, supra. This would in any event make sufficient difference to keep said case from being in point. We will notice this case further presently. Turpin v. State, 86 Texas Crim. Rep., 96, 215 S. W., 455; Harris et al. v. State, 103 Texas Crim. Rep., 61, 279 S. W., 817; Harrell, alias Pryor, v. State, 22 Texas App., 692, 3 S. W., 479, and Brown et al. v. State, 6 Texas App., 188, are also cited by appellants. In different ways but similar substance these cases rest upon the principle announced in Brown et al. v. State, supra, in which this court said: "Sureties in a bail-bond or recognizance cannot inquire into the sufficiency of an indictment. But unless there was, in fact, an indictment returned into court, the State had no right, in the first place, to require a bond."

In Harrell's case, supra, there was no indictment, for the grand jury was composed of more than twelve men. In the Turpin and Harris cases, supra, the bond given not only failed to show that the offense charged against the principal was a felony, but affirmatively showed such principal to be charged by *complaint* filed in the district court. None of the cases cited uphold appellants. Reverting to the Bell case, supra, in order that we may be understood and that there may be no conclusion reached that said case goes beyond, or is out of line with, the uniform holdings of this court to the effect that a mere defect in an indictment affords no defense against a forfeited bond,—attention is called to the fact that the point in the Bell case was, like the others herein cited, that the indictment showed on its face to have been returned by a grand jury of a county other than the one in which in fact it was returned, and that hence such purported indictment was a nullity.

While it is true that the Legislature, in article 436, C. C. P., lays down four causes which will exonerate the accused and his sureties from liability upon a forfeited bond, and said article states that these causes "and no other" will so release them, still this court has in so many cases held that when the so-called indictment was not such in law because of some fundamental failure, from which there flowed as a necessary sequence lack of authority to require any bond at all, that in such cases and upon proper showing of such facts, this court would hold that the parties on such bond having never been lawfully bound, could not be held to pay same,—and we find ourselves constrained to adhere to the doctrine of these cases. It is not necessary to be here stated, but we observe that the indictment in the case before us is in the exact form as the indictment in Fridge v. State, 90 Texas Crim. Rep., 75, 233 S. W., 979, which was upheld by this court.

Being unable to agree with any of the contentions made by the appellants, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellants move for a rehearing, insisting only that we did not properly dispose of their point made that they were not notified of the state's motion to enter judgment nunc pro tunc, prior to such entry. We probably should have discussed this matter at more length, and now do so in the light of appellant's motion and the authorities cited. We were in error in our original opinion in saying that Midland county has only two terms of district court each year, but this mistake does not affect the disposition of the case.

We first again call attention to the fact that neither by motion for new trial, nor by suit to vacate or set aside the judgment as entered nunc pro tunc, was there any direct attack on said judgment; nor does this

record contain any showing by affidavit or otherwise that appellants and their attorneys were not present in court with full knowledge and consenting to such judgment entry,—all of which, in the absence of some showing to the contrary, is presumed to be true. Sections 356-375, R. C. L., vol. 15.

We have carefully examined all of the authorities cited in appellant's motion and do not think them to support the contention here made. Conceding that rules of civil statutes and procedure govern, we note that article 2228, Rev. Civ. Stat., cited and relied upon by appellants, relates solely to *amendments* and *changes* in judgments *theretofore entered,* and the same is true of authorities cited by him. There seems to be a fundamental difference between the character of procedure in the instant case, and that referred to in said statute and the authorities cited. In the case before us we have a judgment which was for the first time *entered* of *record* on October 3, 1931, and no complaint being even now made of its absolute correctness in form and substance. There is neither pretense nor assertion that the judgment then *entered* is variant from, or in any way not, the judgment actually rendered at a prior term on February 19, 1931. There is not a suggestion in the record before us that had appellants been present, if in fact they were not, they would have had any defense, or that they would or could have had a different judgment entered had they been fully apprised, or had they been present.

How different in principle the statute relied on and the authorities. In the Hamilton case (Texas Civ. App., Hamilton v. Hamilton), 225 S. W., 69, which seems to be the leading case cited by appellants, an agreed judgment had been entered in accordance with a written agreement on file. The plaintiff in the case had left the state. A year or two later, upon a motion held to be without notice, the judgment was amended and changed, materially altering the rights of the parties, and this upon the authority of article 2228, supra, was properly held erroneous. Similar states of facts appear in the other authorities, cited, each resting upon an effort to subsequently change without notice a prior judgment which had been entered upon a trial. Berry et al. v. State, 101 Texas Crim. Rep., 512, 276 S. W., 295; Wilkes et al. v. State, 100 Texas Crim. Rep., 577, 272 S. W., 194. In each of the cases the complaint of erroneous procedure was necessarily based upon the fact that as a result of the action complained of without notice, an injury had resulted. There is no such claim in the instant situation.

The record before us shows that these appellants were cited in January, 1931, to appear at the February term following and show cause why judgment final should not be entered against them. At no time thereafter did they answer even denying generally their liability. The only answer made at all was one dated of February 2, 1931, in which they requested that they be given the remainder of that term of court to

bring in their principal, and further stating that "they were under the impression" that he had made a new bond to take the place *"of the bond entered into by them."* Appellants make no claim that the court granted their request, and thereby mislead them to their harm, but for which they could have set up a defense against the judgment which was actually *rendered* on February 19, 1931, though not entered of record until a subsequent term of court. By their written request for time to produce their principal we have here then their acknowledgment of the execution of such bond, their evidence of the fact that they had been cited to appear, and knew such fact. They were in court and subject to judgment without further notice from the time of the service of the citation upon them in January until judgment was finally entered, and made no effort to deny liability, or to set up any defense to the day of the actual entry of the judgment in October, 1931. As far as they or their rights are concerned, if the court had entered judgment against them originally, without further notice, as of the date same was entered at the October term, they had no cause of complaint, and the judgment would have been binding.

In is appellant's further contention that under the provisions of article 2291, Tex. Civ. St. (1925) relating generally to motions and notice thereof, they were entitled to notice of the state's motion to have judgment nunc pro tunc entered at a subsequent term of the court, and that the agreement on file is sufficient to show affirmatively that no notice was served on them. The present writer is inclined to think the agreement does show that no notice of the state's motion for entry of the judgment nunc pro tunc was issued or served on appellants. Waiving for the time the fact that appellants do not, except inferentially, deny actual notice and presence in court, and assuming that they in fact had no notice of the entry of the judgment on October 3d, we have the peculiar situation of parties defendant to a suit who had been duly and regularly cited, who have never denied liability, or filed any answer which could be so construed, coming into a court of equity and asking that they be given relief against a judgment of the court having jurisdiction, without any averment that they had at the time the judgment was rendered or entered any defense, and in the face of a record showing that they had none. Equity will not move to an idle accomplishment, nor set aside a judgment just and right under the record, upon a showing such as is here revealed. Brown et al. v. Clippenger, 113 Texas, 364, 256 S. W., 254.

The motion for rehearing is overruled.

*Overruled.*