HARMON L. BROWNE V. STATE

No. 26,864. April 7, 1954
Motion for Rehearing Denied
May 19, 1954

132

*E. B. Duggan* and *J. A. Copeland,* Houston, for appellant.

*Wesley Dice,* State's Attorney, Austin, *William H. Scott,* District Attorney, and *King C. Haynie,* Assistant District Attorney, Houston, for the state.

DAVIDSON, Judge.

This is a bond forfeiture case.

The condition of the bail bond here involved reads as follows:

"Now, if the said principal shall be and personally appear instanter at the present term of the County Court at Law No. Two, of Harris County, Texas, now in session in and for the County of Harris, at the Court House thereof, in the City of Houston, Texas, there to remain in attendance from day to day and from term to term until discharged by due order of the Court, to answer the State aforesaid on said charge of a misdemeanor and not to depart the Court, without leave, then, and in that case, this bond be null and void, otherwise to remain in full force and effect and in addition thereto, we are bound for the payment of all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the principal in the event he fails to appear before the court or magistrate named in the bond at the time stated therein."

It is insisted that the requirement of the bond that the principal remain in attendance from day to day and term to term "until discharged by due order of the Court" and "not to depart

the Court, without leave" is more onerous than required by law and renders the bond unenforcible.

Among the requisites of a bail bond is that the defendant will appear before the proper court to answer the accusation against him and remain in attendance upon the court from term to term and from day to day until discharged from further liability according the law. Arts. 272 and 275, C. C. P.

Appellant insists that no authority exists which authorizes the requirement in a bail bond that the principal remain in attendance upon the court until "discharged by due order of the Court" or that the principal not "depart the Court, without leave."

It is appellant's position that the law requires only that the principal is to appear before the court from term to term and from day to day until discharged according to law and that any additional burdens or conditions imposed under the bond render it a nullity.

There is no question but that a bail bond which is more onerous and imposes additional burdens than required by law will not support a judgment of forfeiture. Authorities attesting the rule will be found under Note 10 of Art. 273, Vernon's C. C. P.

So then, was it more onerous to the principal to be obligated to remain in attendance upon the court "until discharged by due order of the Court," as required in the bond, than that he be obligated to remain in attendance upon the court "until discharged from further liability thereon, according to law," as required by statute?

If there be a difference in the two obligations, such lies in the fact that, in one, the obligation is to remain until discharged by order of the court, and, in the other, the obligation is to remain until discharged by law.

As supporting his contention, appellant relies upon Turner v. State, 14 Texas App. 168. In that case, the bail bond, in addition to the statutory obligation, required the accused to " 'abide the final judgment of court.' " Such bond bound the accused to do more than appear before the court from term to term and from day to day until discharged according to law, as required by the statute, and, for that reason, was held unenforcible.

Such is not the case here, for the instant bond made no provision that the principal abide the judgment of the court. We are unable to conclude that there is any substantial difference existing between the instant bond and the statute in the particular discussed.

The next contention is that the bond is more onerous than required by law by obligating the principal "not to depart the Court, without leave."

A bond of similar import was held valid in Thompson, et al, v. State, 34 Texas Cr. Rep. 135, 29 S.W. 789, which bound the accused " 'not to depart from said court without leave until discharged by due course of law.' " The conclusion there expressed that the bond was not more onerous than required by law appears to be applicable and controlling here.

Appellant next contends that there is a fatal variance between the scire facias and the bond, because the scire facias recites that the condition of the bond is that the principal remain from day to day and from term to term of said court until legally discharged, while the bond contains the additional matter which we have heretofore discussed.

The conclusion heretofore reached that there is no difference between the statutory requisites and the bond is sufficient answer to the instant contention. However, note is taken, here, of the fact that, in prescribing the requisites of citation—which is, in truth and fact, the scire facias, Art. 427, C. C. P. does not require that the conditions of the bond be stated therein. The fact, then, that the instant citation does so state may be treated as surplusage.

The other assignments of error presented are overruled without discussion.

The judgment is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant takes us to task for not having discussed his point five set forth in his original brief. The complaint there regis-

tered is that this case was tried on September 25 but that final judgment was not entered until November 20, which was during a subsequent term.

An examination of the record does not support appellant's point. Therein we find that a motion to quash the appearance bond and the writ of scire facias was filed on September 11. This was accompanied by an answer of the sureties. The order overruling the same shows that it was presented to the court on September 25 and that he heard evidence on the motions and that he took no action thereon until November 20. The final judgment was entered on November 20, reciting that the case came on to be heard the same day. The final judgment recited that the court heard the pleadings and the evidence on that day. While it is true that the motion to quash was presented at the previous term and evidence heard and the court did not rule on this motion until the date of this trial, the evidence all being before the court and being undisputed, we know of no rule of law which would prevent the parties from submitting the case to the court on such record.

This is not the rendering of a judgment on a trial held at a former term but, as stated in the judgment, was a trial held that day.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.