**Johnny Joe COUNTS et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 34936.

Court of Criminal Appeals of Texas.

Nov. 14, 1962.

Rehearing Denied Jan. 16, 1963.

Robert L. Templeton, of Kolander, Moser & Templeton, Amarillo, for appellant.

Frank J. Baughman, Dist. Atty. and Robert R. Sanders, Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal by E. D. Meredith and J. T. Musick, as sureties upon the bail bond of Johnny Joe Counts in the principal sum of $2,000 from a final judgment of the 47th Judicial District Court of Potter County, forfeiting said bond.

On October 30, 1961, complaint was filed in Justice Court No. One, Place Two, of Potter County, charging Johnny Joe Counts with the offense of unlawfully breaking and entering a motor vehicle with the intent to commit theft.

On November 2, 1961, a bail bond in the principal sum of $2,000 was executed by Johnny Joe Counts, as principal, and the appellants herein, as sureties, conditioned as follows:

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas the above named principal stands charged by information or indictment duly presented in the 47th District Court of Potter County, Texas, with the offense of a Felony.

"NOW, if the said Johnny Joe Counts shall well and truly make his personal appearance before said Court

* * * INSTANTER * * * and there remain from day to day and term to term of said Court until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect."

The bond, approved by the sheriff, was filed in the 47th District Court on November 3, 1961.

On November 22, 1961, an indictment was returned in the 47th Judicial District Court of Potter County, charging Johnny Joe Counts with the offense of unlawfully breaking and entering a motor vehicle with the intent to commit theft and with having been previously convicted of a non-capital felony offense of like character.

On March 12, 1962, upon failure of the principal to appear in the district court when the case was called for trial, the bond was ordered forfeited and judgment nisi was entered against the principal and sureties.

On May 10, 1962, after issuance, service, and return of scire facias upon the appellant-sureties and a hearing before the court, final judgment was rendered against the principal and sureties for the full amount of the bond.

From such final judgment, entered on June 1, 1962, the appellant-sureties prosecute this appeal.

Appellants question the validity of the bond, on various grounds.

They first contend that the bond is invalid because it was not conditioned that the principal appear before the court "for any and all subsequent proceedings had relative to the charge," as provided by Art. 275a, Vernon's Ann.C.C.P. In Ray v. State, Tex.Cr.App., 350 S.W.2d 653, we held that the omission of such recitation in a bond did not vitiate the bond. See, also, Daniels v. State, Tex.Cr.App., 352 S.W.2d 267, for a similar holding.

It is next contended that the bond is invalid because it did not recite that accusation against the accused was by indictment. It is further contended that the recitation in the bond that "the above named principal stands charged *by information or indictment* with the offense of a felony" rendered the same ambiguous and invalid. In support of their contention appellants rely upon the fact that an accusation in district court for a felony must be upon indictment.

Art. 273, V.A.C.C.P., prescribes the requirements of a bail bond and in subdivision 3 provides:

> "If the defendant is charged with a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor."

In Trail v. State, 56 Tex.Cr.R. 73, 118 S.W. 714, it was held that a bond need not state whether the party was accused by information or indictment and that it is not necessary to allege either one or the other. In Rees v. State, Tex.Cr.App., 13 S.W.2d 856, it was held that an appearance bond need not describe the offense further than to state that the defendant was charged with a felony and any further description of the offense may be treated as surplusage.

■ The bond in the instant case states that the principal was charged with a felony. Under the statute and decisions of this court, this was sufficient.

Turpin v. State, 86 Tex.Cr.R. 96, 215 S.W. 455, relied upon by appellants, is not deemed here controlling. The bond in that case was unambiguous and recited that the accused stood charged *by complaint* in the district court with the offense of a felony. The bond in the instant case contains no such recitation. Furthermore, Turpin v. State, supra, was decided long prior to the enactment of Art. 275a, supra, which provides that a bail bond given by an accused in the course of a criminal action before any court or person authorized by law to take same for his personal appearance before such court or magistrate shall be binding upon him and his sureties for any and all subsequent proceedings had relative to the charge.

■ Appellants further insist that the bond, judgment nisi, and scire facias are fatally defective because the bond executed on November 2, 1961, obligated the principal to appear in the 47th District Court to answer an accusation against him, and at such time there was no prosecution pending against him in the district court because the indictment was not presented until some twenty days later, or on November 22, 1961.

Recently, in Hines v. State, 168 Tex.Cr.R. 381, 327 S.W.2d 755, we held that an appearance bond executed after complaint was filed in justice court charging the defendant-principal with a felony offense, which bound the principal to appear instanter before a district court, became a binding obligation to answer an indictment later returned against him for the offense charged in the complaint. The contention is overruled.

■ We overrule appellants' contention that the bond is invalid because the 47th District Court did not fix the amount of bail.

As heretofore shown, the bail bond was executed prior to return of the indictment. At such time no prosecution was pending in the district court and it was not the duty of that court to fix bail. Arts. 287 and 288, V.A.C.C.P.

■ We overrule appellants' two remaining contentions that the court erred in refusing to grant their application for continuance and their request for a jury trial.

The application for continuance filed by appellants was not sworn to, as required by Rule 251, Vernon's Texas Rules of Civil Procedure.

Appellants made no application for a jury and did not deposit a jury fee with the clerk until the day the cause was set for trial. Such is not in compliance with Rule 216 of Vernon's Ann.Texas Rules of Civil Procedure.

It is certified by the court that no jury was present on the day set for trial and the granting of a jury trial to appellants would have resulted in a continuance.

Under such record, no abuse of discretion is shown.

The judgment is affirmed.

Opinion approved by the Court.