### J. L. JONES ET AL. V. MEYER BROS. DRUG COMPANY ET AL.

Delivered January 12, 1901.

**1.—Allegation and Proof—Variance—Description of Judgment.**

Where plaintiff's claim of title to the property in controversy was by virtue of a judgment and execution sale thereunder, and his petition alleged that the judgment was rendered in the district court, but the judgment introduced in evidence was rendered in the county court, an objection on the ground of variance came too late after verdict.

**2.—Execution Against Interest of Partner—Return—Presumption.**

Where the return on an execution against the interest of a partner in firm property shows a levy, but not the manner in which it was made, the presumption of law is that the officer did his duty and made the levy as the statute directs (Revised Statutes, article 2352); and where the legality of the levy is not raised by the pleading, the return can not be attacked collaterally.

**3.—Same—Omission in Return.**

The omission of certain fixtures from the description of the property levied on does not affect the validity of the levy as to the other property seized.

**4.—Pleading by Trustee in Bankruptcy—Admission—Intervention.**

Where a plea of intervention by a trustee in bankruptcy failed to allege that the bankrupt had been adjudged such, the defect was obviated by an averment of such matter in defendant's answer although a demurrer by plaintiff (appellee) to that allegation of the answer had been sustained.

**5.—Same—Allegation of Appointment as Trustee.**

An allegation by a trustee in bankruptcy that he was duly appointed trustee by the referee is equivalent to a declaration that the circumstances existed which empowered the referee to make the appointment.

**6.—Trustee in Bankruptcy—Leave of Court.**

An objection that a trustee in bankruptcy had no right to intervene in the suit without showing that he had obtained leave to do so from the bankruptcy court, comes too late where first made after verdict.

**7.—Same—Proof of Appointment and Qualification.**

Where a trustee in bankruptcy intervenes in a suit, he is not required to prove his appointment and qualification as such trustee where his right to recover in that capacity is not denied under oath, under Revised Statutes, article 1265.

**8.—Partner's Interest Sold Under Execution—Purchaser's Right of Recovery.**

Where a partner's interest in a mercantile business was levied on and sold under execution, but the firm continued for some months thereafter to carry on the business at a profit, selling the old goods and replenishing with new from the proceeds, the execution purchaser, suing for the debtor partner's interest, was not limited to the goods bought by him which were actually in stock at time of the trial, but was entitled to compensation for the property disposed of, as for a conversion.

**9.—Same—Extent of Recovery Determined by Agreement.**

Since the intervening trustee in bankruptcy was entitled to recover all the property sued for except the part which plaintiff, the execution purchaser, was entitled to, and since intervenor and plaintiff had agreed upon a division of the recovery satisfactory to themselves, it was not a tenable objection on the part of the defendants that plaintiff's proof failed to show the extent of plaintiff's interest and the value of the goods converted.

**10.—Same—Legal Title Placed in Another.**

Where S. had loaned to D. the money to buy the interest in the stock, and the purchase was made for D., although the title was taken in the name of S. for the purpose of protecting the property from D.'s creditors, the property belonged to D., and was subject to the levy of an execution against him.

**11.—Same—Evidence—Fraud and Collusion.**

Evidence as to the financial condition of S., both before and after the purchase for D. of an interest in the business, and statements by S. in relation thereto, were admissible to prove whether he or D. was the real purchaser.

**12.—Same.**

So, evidence of D.'s prior failure in business and insolvency was admissible as tending to show a reason for his making the purchase in the name of another, and evidence that, though insolvent, he had some money, tended to prove ability on his part to make the purchase.

**13.—Same—Conspiracy.**

Statements by D. as to an attempted purchase of a stock of goods by him were admissible, though made when S. was not present, the jury being instructed that they could not consider the same unless they found them to have been made in pursuance of an agreement btween D. and S. by which D. was authorized to use the name of S. to cover up property he might buy.

**14.—Receiver—Appointment—Action Against One Partner.**

After verdict and pending an appeal in an action to subject the interest of a partner in firm property to his debts,—he being insolvent, in possession and management of the property, but likely to misappropriate it,—the court may, under Revised Statutes, article 1465, appoint a receiver to carry out the provisions of the judgment directing a sale of the property, although the other partner is solvent and able to respond in damages, should he waste or misappropriate the property pending the appeal.

**15.—Same—Case Distinguished.**

This case distinguished from Bank v. Dunham, 18 Texas Civil Appeals, 184, upon the point as to when the appointment of a receiver is authorized.

Appeal from Grayson.   Tried below before Hon. Don A. Bliss.

*Barrett, Simmons & Freeman* and *Galloway & Templeton,* for appellants.

*A. H. Culver, Moseley & Smith,* and *T. B. Eppstein,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—Appellant Jones and one Howard were partners in the retail drug business at Denison, Texas. In June, 1895, Howard sold his interest in the business, ostensibly to appellant Simmons, but the appellees contend that the appellant De Gaugh was the real purchaser. The business was thereafter conducted in the name of Jones & Simmons. De Gaugh had been engaged in the drug business at Austin, Texas, and had become indebted to the Meyer Bros. Drug Company. He failed in business, and the drug company reduced

its claim against him to judgment. Execution was issued on the judgment, and on April 11, 1896, was levied on De Gaugh's interest in the business, run in the name of Jones & Simmons. There was a sale under the levy on May 5, 1896, and the drug company became the purchaser at the sale and received a bill of sale from the sheriff. On December 21, 1898, the drug company brought this suit against Jones, Simmons, and De Gaugh, alleging the facts above stated, and further, that De Gaugh was, at the time of the levy, the owner of an undivided one-half interest in the said business by virtue of the purchase from Howard, it being charged that the purchase was made in the name of Simmons for the purpose of covering up De Gaugh's property and preventing its seizure by his creditors. Burton Richards intervened in the suit, and alleged that he was trustee in bankruptcy for the creditors of De Gaugh, and that De Gaugh had an interest in the said business which he, as trustee, was entitled to recover. There was a trial by jury which resulted in a judgment in favor of plaintiff and intervener for the recovery of an undivided one-half interest in all the property owned by the firm of Jones & Simmons. Thereupon a receiver was appointed, who qualified and took charge of the business. Jones, Simmons, and De Gaugh have appealed from said judgment, and from the order appointing the receiver.

It was alleged by the drug company that the judgment under which it claims was rendered in the District Court of Travis County, but the judgment introduced in evidence was rendered in the County Court of said county. It is insisted that the variance is fatal, and constitutes fundamental error. We are of the opinion that the objection should have been made when the judgment was offered, and that, as this was not done, it can not be urged, for the first time, after verdict. The plaintiff claimed title to the property sued for by virtue of a judgment and execution sale thereunder against De Gaugh. The misdescription of the court in which the judgment was rendered was obviously a clerical mistake which might have been corrected by trial amendment, had the objection been made at the proper time. It is not shown that appellants were misled or injured by reason of the mistake, or that the granting of a new trial would place them in any better position so far as this issue is concerned. If appellants desired to take advantage of the mistake of the pleader, they should have interposed their objection on the trial, and not having done so, can not now complain.

It is contended that the sheriff's return on the execution is insufficient, for the reason that the manner in which the levy was made is not shown. Article 2352, Revised Statutes, provides how a levy on partnership property shall be made, and in Middlebrook v. Zapp, 79 Texas, 323, it was held that the statute must be followed by the officer in making the levy. But the statute does not prescribe any form of return, and does not provide that the return shall show the manner in which the levy was made. The return will be liberally construed, and the presumption that the officer did his duty will be indulged. Miller v. Alex-

ander, 13 Texas, 503; Murfree on Sheriffs, sec. 839a. In this case the return shows that the writ was levied, and the presumption is that it was levied in the manner prescribed by law. The legality of the levy was not raised by the pleadings, and the return can not be attacked collaterally. Flanniken v. Neal, 67 Texas, 629. The title of the purchaser at execution sale does not depend on the return, and any informality or irregularity therein will not affect his title. Fitch v. Boyce, 51 Texas, 344.

There was appended to the return a notice of the levy, directed to Jones & Simmons, and signed by the sheriff. This notice is, presumably, a copy of the notice of the levy left by the sheriff with Jones, but it is not referred to in the return, or shown by extrinsic evidence to be such copy. It was not offered in evidence by the plaintiff, but was introduced by the defendants. As the return showed a valid levy, the plaintiff was not bound to produce the notice, and the introduction of it by the defendants would not invalidate the levy, unless it showed that the levy was not made as required by law. The notice was, in form, in substantial compliance with the statute, but, in describing the attached property, omitted the fixtures which were shown by the return to have been levied on. Even if the notice is considered as a part of the return, and as controlling in the matter of description, the levy would still be good as to the property seized other than the fixtures. The levy and sale thereunder were sufficient to convey to the drug company the title of De Gaugh in and to any of the stock of merchandise held in the name of Jones & Simmons at the time of the levy, and the court did not err in so instructing the jury.

The right of the intervener to judgment is questioned on the ground that his petition and proof are insufficient to show that he, as trustee, had any title to, or right to the possession of, the property sued for. It was alleged by the intervener that he was, by F. B. Dillard, referee in bankruptcy for the Eastern District of Texas, duly appointed trustee for the creditors in the matter of J. A. De Gaugh, bankrupt, pending in the United States District Court for said district; that he accepted the appointment and was duly qualified, and by virtue thereof became entitled to the possession of all the property of the said De Gaugh, not exempt from forced sale, for the purpose of holding the same subject to the demands of the creditors and the orders of said court. No exception to the petition was urged before trial, but it is insisted now that the petition is defective for the reason that it was not alleged that De Gaugh had been adjudged a bankrupt, and that the intervener was appointed trustee by the court or elected by the creditors, and that he had obtained leave of the bankruptcy court to intervene in this suit. The first ground of objection, conceding it to be well taken, is obviated by the answer of the defendants wherein it was alleged that De Gaugh had been adjudged a bankrupt. It is true that the plaintiff demurred to that paragraph of the answer, and that the demurrer was sustained, but that fact did not affect the plea as an answer to intervener's case. The

objection that the trustee was not appointed by the court or elected by the creditors is not well taken. It is provided by section 44 of the bankrupt act of 1898, that the creditors shall appoint a trustee. Section 2 provides that a court of bankruptcy may appoint a trustee upon the recommendation of the creditors, or when the creditors neglect to act. Section 38 provides that the referee shall have the authority of a bankruptcy court, except concerning applications for compositions and discharges, when such authority is not denied by other provisions of the act, and there is no provision which prohibits the appointment by him of a trustee. It follows, therefore, that under certain circumstances the referee may appoint a trustee, and the allegation that the intervener had been duly appointed trustee by the referee is equivalent to a declaration that the circumstances existed which empowered the referee to make the appointment. We think that the trustee had a right to intervene in this suit without obtaining leave to do so from the bankruptcy court, but in any event the objection should have been made before trial.

On the trial the intervener did not prove his appointment and qualification as trustee, and it is contended by the appellants that his failure to do so is fatal to his right to recover. The intervener's suit was brought in his capacity as trustee and his right to recover in that capacity was not denied under oath. We are of opinion that article 1265, Revised Statutes, applies to this case, and that it was not necessary for the intervener to prove his appointment and qualification as trustee. Under the old bankrupt law, where the title to the property of the bankrupt was vested in the assignee by virtue of a transfer from the register in bankruptcy, it may have been necessary for the assignee to show such transfer. Dambmann v. White, 48 Cal., 439. But by section 70 of the present law the title to the bankrupt's estate is vested in the trustee, hence the production of a transfer to him can not be required. In the case just cited the assignee produced a transfer to him by the register, and this was held sufficient to vest title in the assignee, without proof of his appointment. In this case the law vests the title, and it is, therefore, not a question of title, but simply of the right of the trustee to recover in that capacity. We conclude that there is no merit in the contention that the intervener was bound to prove his appointment and qualification as trustee.

It may be conceded that the drug company, by its purchase at execution sale, acquired title only to De Gaugh's interest in the tangible property of the firm of Jones & Simmons, and that the sale operated as a dissolution of the firm. Upon the sale, Jones and the drug company became joint owners of the stock of merchandise belonging to the late firm. The business was carried on as before, by Jones and De Gaugh, from the date of the sale in May, 1896, to the time of the trial in November, 1899. The stock of merchandise owned by Jones and the drug company was largely sold out by Jones and De Gaugh, and the stock was replenished and kept up out of the proceeds of such sales. The business, as conducted by Jones and De Gaugh after the sale, was

prosperous, and the property belonging to the business was of greater value at the time of the trial than at the date of the sale. We are of opinion that the drug company should not have been limited in its recovery to the goods bought by it which were actually in stock at the time of the trial. It was not bound to sue for the specific property bought, but could require Jones and De Gaugh to account to it for the interest owned by it in the property converted by them, and the facts above stated would constitute a conversion. The drug company has an interest in some of the property sued for, and is entitled to compensation for its property that has been converted. The evidence is not sufficient to show the extent of plaintiff's interest in the property in controversy, nor the value of its goods that were converted. This might be fatal to its recovery, but for the fact that the intervener was entitled to recover all of the property sued for, except that part which the plaintiff was entitled to recover. The judgment was in favor of the plaintiff and intervener for all of the property in controversy, and together they were entitled to such recovery. As between themselves, their respective interests in the recovery could be settled only by trial of the issue, or by agreement. There was an agreement between them, which was made a part of the judgment, entered into before the trial, by the terms of which, in case of a recovery by either or both, the proceeds thereof were to be divided between them, the plaintiff to be first paid the sum of $3750, and the intervener the remainder, if any. This agreement obviated the necessity of a finding fixing their several interests in the property recovered. Jones was not injured by it, since none of his property was taken. De Gaugh can not complain because, even if the plaintiff was not authorized to recover any of the property, the intervener was entitled to recover all of it.

The appellant Simmons complains of the charge of the court relating to the issue as to his ownership of the property in controversy and of many rulings of the court on the admission of evidence, and that the findings on that issue is contrary to the evidence. We think that the charge fairly submitted to the jury the question as to whether Simmons or De Gaugh was the real purchaser of the interest of Howard in the business owned by Jones & Howard. If Simmons loaned De Gaugh the money to buy the stock, and the purchase was made for De Gaugh, though the title was taken in Simmons' name for the purpose of protecting the property from De Gaugh's creditors, then, as stated in the court's charge, the property belonged to De Gaugh, and was subject to the levy of plaintiff's writ. While the evdence on this issue was slight, it was sufficient to suggest the issue, and we can not say that it was error to submit that theory of the case to the jury. We think that there is no real ground for the complaint that the charge of the court makes too prominent the issue as to the purchase in Simmons' name being a mere device to cover up De Gaugh's property.

Evidence as to Simmons' financial condition, both before and after the alleged purchase by him of Howard's interest in the drug business,

and statements made by him in relation thereto, was admissible as tending to prove whether he was the real purchaser and had the money to pay for the property. And evidence concernng De Gaugh's failure in business and insolvency was admissible as tending to show a reason for his making the purchase in the name of another, and evidence that De Gaugh, though insolvent, had some money, was admissible as tending to prove ability on his part to make the purchase. Statements made by De Gaugh concerning the purpose of an attempted purchase of a stock of drugs by him, though made when Simmons was not present, was admissible, the jury being instructed that they could not consider the same unless they found that there was an agreement between Simmons and De Gaugh by which De Gaugh was authorized to use Simmons' name to cover up property he might buy, and that the statements were made in pursuance of the agreement. The statements made by De Gaugh to Boyd, which were offered by the appellants and excluded by the court, were hearsay and self-serving, and not admissible. They were not shown to have been made in the conversation between De Gaugh and Pergrin, which conversation had been proved by the appellees. If offered for the purpose of impeaching Pergrin, no predicate for their introduction had been laid.

The evidence upon the issue as to whether Simmons or De Gaugh was the real purchaser from Howard was conflcting. It was sufficient to have warranted a finding either way. In such case we would not be justified in setting aside the finding of the jury upon the question of fact.

Immediately after the return of the verdict the appellees asked for the appointment of a receiver. The application was heard and granted, and the appellant Jones was appointed receiver and duly qualified as such, his disqualification being waived. The appellants complain of the appointment as being unwarranted. It was shown that Jones was solvent and able to respond in damages, should he waste or misappropriate the property pending the appeal. It is insisted that under article 1465, Revised Statutes, and the decision of this court in Bank v. Dunham, 18 Texas Civil Appeals, 184, the application for a receiver should have been denied. On the other hand, it appeared that De Gaugh was insolvent, and was in the possession and had the management of the property. And the trial court was justified in finding that he was likely to misappropriate the property, and that it was, therefore, in danger of being lost to the appellees. Besides, the receiver was appointed after a verdict had been rendered on a final trial and the interests of the parties in the property in controversy had been legally adjudicated, and the object of the receivership was to carry out the provisions of the judgment, which directed the sale of the property and the payment of the proceeds of the sale, one-half to Jones and the other half to the appellees. These facts distinguish this case from the case cited, when the application was made before judgment, and its object was simply to preserve the property and those in possession of it were

solvent. There were some objections to the manner in which the appointment was made, but we think there is no merit in any of them.

So many questions are presented that we have found it impracticable to discuss them all. We have therefore considered in this opinion only those questions which appeared to us to be of the greatest importance.

We find no reversible error in the record and the judgment is affirmed.

*Affirmed.*