### J. B. COOPER, ET AL. v. THE STATE.

No. 6715. Decided March 15, 1922.

**1.—Forfeited Bail Bond—Information—Jurisdiction.**

The rule is that an information must be filed in the County Court before jurisdiction attaches, and if bond be taken prior to filing the information, it is without authority of law. However, this matter is not important in the instant case.

91 T. C.—19

2.—Same—Scire Facias Writ—Judgment—Variance—Name of Principal.

There is no finding in the judgment or recital in the scire facias writ that J. B. Cooper and Jim Cooper is the same person, and when the judgment and bonds were offered in evidence objection was made because of the variance. This variance in the name in the judgment nisi and the bail bond is fatal. Following Uppenkamp v. State, 89 Texas Crim. Rep., 131, and other cases.

Appeal from the County Court of Fannin. Tried below before the Honorable A. P. Bolding.

Appeal from a forfeited bail bond in the sum of $250.

The opinion states the case.

*Cunningham, McMahon & Lipscomb,* and *Paul McMahon,* for appellant.—Cited Baker et al. v. State, 54 Texas Crim. Rep., 52; Leal et al. v. State, 51 Id., 425, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the state.

HAWKINS, Judge.—Appeal is by the sureties from judgment final on forfeited bail-bond. The judgment nisi introduced in evidence is dated June 7, 1921, and has the heading "The State of Texas vs. J. B. Cooper, No. 11119," and recites that *J. B.* Cooper failed to appear; that it appeared to the court that *J. B.* Cooper and the sureties (naming them) had on May 20, 1921, entered into bond in the sum of $250, conditioned that the principal should appear before the County Court of Fannin County on June 6th, 1921, to answer upon a charge by *"information,"* accusing him of the offense of a misdemeanor, to-wit: swindling. Then follows a judgment forfeiting the bond, and authorizing a recovery against *J. B.* Cooper and the named sureties.

The bond introduced in evidence is dated May 20, 1921, and provides that *Jim* Cooper as principal and the other parties as sureties are bound, etc. The condition in the bond is that *Jim* Cooper as principal stands charged by *"complaint"* in the County Court of Fannin County with a misdemeanor; and provides if said *Jim* Cooper shall appear on June 6th, 1921, the obligation should be void. It is signed by *J. B.* Cooper, Principal, and the other parties as sureties.

The writ of scire facias recites substantially that on May 20, 1921 prosecution No. 11119 against *J. B.* Cooper, defendant was pending, and bond was entered into conditioned that said defendant should appear and answer to charge by information for a misdemeanor, to-wit: swindling: that *J. B.* Cooper failed to appear, whereupon forfeiture was taken on the bond, and judgment rendered against *J. B.* Cooper, and the named sureties.

Neither the complaint or information was introduced in evidence. It was perhaps not necessary to introduce them under authority of

Martin v. State, 16 Texas Crim. App. 265. But their absence from the record obscures the facts, and involves the questions raised.

The point is made that the bond offered in evidence recites that Cooper was charged by *complaint*. That if no information had been filed when the bond was taken the bond was a nullity. In the absence of the complaint and information this court is deprived of the true facts. The recitals in the bond and judgment are not in harmony, one reciting that Cooper was charged by *"complaint,"* the other that he was charged by *"information."* Leal et al. v. State, 51 Texas Crim. Rep. 425; Baker v. State, 54 Texas Crim. Rep. 52, support the proposition that information must be filed in the county court before jurisdiction attaches, and if bond be taken prior to filing information it is without authority of law, and non-enforceable.

There is no finding in the judgment, or recital in the scire facias writ, that *J. B.* Cooper and *Jim* Cooper is the same person. When the judgment and bond were offered in evidence objection was made because of the variance. We have no means of knowing under what name the prosecution proceeded in the complaint and information, whether *Jim* Cooper or *J. B.* Cooper. The variance in the name in the judgment nisi and the bail bond is fatal. See Cassady v. State, 4 Texas Crim. App. 96; Brown v. State, 28 Texas Crim. App. 65, 11 S. W. Rep. 1022; Weaver v. State, 13 Texas Crim. App. 191; Loving v. State, 9 Texas Crim. App. 471; Uppenkamp v. State, 89 Texas Crim. Rep. 131, 229 S. W. Rep. 544. As was said in the Uppenkamp case (supra) the State was not without remedy in so far as the variance in name is concerned. If the dates of filing the complaint and information was before us the other question suggested as to whether the bond was taken before information filed might not appear as a serious matter. However, as the record appears, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*