EDWIN GASS v. THE STATE.

No. 11892.   Delivered June 30, 1928.

The opinion states the case.

*Ayres & Payne* of Floydada, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—This is an appeal from a final judgment on a bond forfeiture against appellants. The bond in question binds the principal and sureties in the sum of $1000.00, jointly and severally. The judgment nisi exhibited in the record shows that a judgment was taken against the principal in the sum of $1000.00 and against the two sureties in the sum of $1000.00 each. Under the terms of the bond the sureties were jointly and severally bound for $1000.00 but not in the sum of $1000.00 each and a nisi judgment so reciting was clearly erroneous. There can be no valid final judg-

ment except when predicated upon a valid judgment nisi. Watkins v. State, 16 Tex. Crim. App. 646. A variance between the bail bond and judgment nisi is fatal. Werbiski v. State, 20 Tex. Crim. App. 132. If this were a final judgment, it might be reformed, but in a bond forfeiture case a judgment nisi performs in a way the office of a part of the State's pleading, as well also as part of its proof. Uppenkamp v. State, 89 Tex. Crim. Rep. 132. We are aware of no authority existing in this Court to change either the pleading used or the proof made in the court below. The State, of course, is not without its remedy. Upon proper notice and proof, the judgment nisi may be amended to make it speak the truth. Reeves et al. v. State, 4 S. W. (2nd) 50, and authorities there cited; Uppenkamp v. State, 89 Tex. Crim. Rep. 133. Since the final judgment was not based upon a valid nisi judgment, its rendition was erroneous and necessitates a reversal of this case.

It is further urged that the bond was invalid because the elements of the offense are not therein set out, but instead it recites that "Edwin Gass stands charged by indictment with a felony, to-wit, unlawfully transporting intoxicants." It is suggested that since "unlawfully transporting intoxicants" is not an offense eo nomine and its elements nowhere set out, that such bond is invalid. Art. 273, C. C. P., only requires the bond to state that the defendant is charged with a felony. The balance of said statement may be rejected as surplusage. Briggs v. State, 87 Tex. Crim. Rep. 473.

Further complaint is made that there was a variance in that Edwin Gass was charged by indictment with the offense, whereas the bond was signed by Edward Gass as principal. This was raised for the first time after judgment was rendered, in a motion for new trial. Such a question cannot be thus presented. Bailey v. Hicks, 16 Tex. 222; Western Union Telegraph Co. v. Trice, 48 S. W. 770; Jones v. Meyer Bros. Drug Co., 61 S. W. 553.

It is suggested on another trial that the State should by proper pleading and proof allege and show if such is a fact that Edwin and Edward Gass are one and the same person so as to meet any possible objection by appellants of the character above indicated.

For the error above discussed, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.