Louise Magless et al., Plaintiff in Error v. The State of Texas, Defendant in Error.

No. 12313. Delivered March 6, 1929.
Rehearing granted June 5, 1929.

The opinion states the case.

*W. T. Williams* of Galveston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Judgment was rendered in a proceeding for forfeiture of a bail bond by the District Court of Galveston County against plaintiffs in error, which proceedings have been brought by writ of error before this Court for review.

There was a final joint and several judgment entered against plaintiffs in error. The scire facias declared on the judgment nisi against the principal in such bond for $500.00 and against the two sureties thereon for the sum of $500.00 each. This it is claimed constituted a variance.

The judgment nisi and the scire facias on the bond forfeiture each declare on a bail bond executed by Louise Magless, whereas the bail bond purports to have been signed by Louise Magness. The claim is made that this also constitutes a fatal variance.

Plaintiffs in error cite the cases of Gass et al. v. State, 8 S. W. (2d) 123, and Saunders et al. v. State, 216 S. W. 870, as sustaining their contention. It may be admitted that these authorities tend to sustain their view, but the record shows that no objection of any kind was made in the lower court to the proceedings. The judgment was by default and all questions presented are raised in this Court for the first time, none of them having been preserved in the trial court. The rule is stated by Corpus Juris as follows:

"Thus a material variance between the warrant and the recognizance set forth in the declaration and that given in evidence, or between a recognizance or a sci. fa. and a judgment thereon is fatal. But it is too late to inquire after judgment whether the recognizance conforms to the judgment nisi or sci. fa." 6 C. J. 1070.

The authority of Gass et al. v. State, supra, relied on by plaintiffs in error as sustaining their contention with reference to a variance, is likewise an authority that such a question cannot be raised for the first time on motion for new trial after judgment rendered. This case cites the following authorities as sustaining the announcement: Bailey v. Hicks, 15 Tex. 222; Western Union Telegraph Co. v. Trice (Tex. Civ. App.) 48 S. W. 770; Jones v. Meyer Bros. Drug Co., 25 Tex. Civ. App. 234, 61 S. W. 553. The case of Lewis et al. v. State, 39 S. W. 570, likewise holds that the question of a variance is waived if not properly raised in the lower court. See, also, Blain v. State, 31 S. W. 366. Without passing on the merits of the con-

tention of plaintiffs in error, we feel compelled to hold under the above authorities that such complaint being raised for the first time in this Court comes too late for consideration.

The final judgment appears regular and valid upon its face. The Court rendering it had full power and authority to do so, and matters of the above nature which antedate its rendition must be called to the attention of the trial court and preserved by proper bill of exception.

It is further contended that plaintiffs in error were released from all liability on the bail bond in question by reason of the fact that immediately after the entry of the judgment nisi and before the rendition of the final judgment that the principal in the bail bond was arrested and taken into custody. Answering a similar contention, Judge Hurt uses the following language:

"The surrender to the sheriff, being after the judgment nisi, presents no reason why the judgment nisi should not be made final. If before the judgment nisi the principal be arrested on the same indictment his sureties will be discharged; but if the arrest be after the judgment nisi the sureties will not be discharged because of such arrest." Lee et al. v. State, 25 Tex. Crim. App. 331.

Moreover, we think the terms of Art. 436, C. C. P., are conclusive against the contention of plaintiffs in error. This article specifies the causes which will exonerate the sureties from liability upon the forfeiture of a bail bond. Without detailing these, suffice it to say that the cause here urged by plaintiffs in error is not one of those specified in said article.

The scire facias and the judgment nisi both describe the offense with which plaintiffs' in error principal was charged as theft-felony, whereas he was indicted for theft of property of over the value of $50.00. It is claimed that this rendered the final judgment void. This question like the others discussed is raised for the first time on appeal and comes too late for consideration. We believe, however, that it is without merit. Briggs v. State, 87 Tex. Crim. Rep. 473; Gass et al. v. State, supra.

The judgment against plaintiffs in error by its terms is made to bear interest from the date of rendition at the rate of six per cent per annum. It is correctly contended, we think, by plaintiffs in error that such a judgment does not bear interest and is fundamentally erroneous. We are not able to distinguish such a judgment from that discussed in Hawthorne v. State, 87 S. W. 840. It was there held that a judgment in favor of the State on a liquor dealer's bond would not bear interest. This authority seems to be bottomed

mainly upon Art. 5069, R. C. S., and upon the proposition that the sum recovered upon such a bond is a penalty. The reasoning of this case is that while Art. 5072, R. C. S., provides that all judgments of the Courts of this State shall bear interest at the rate of six per cent per annum from and after the date of judgment, that this article must be construed in connection with Art. 5069, R. C. S., which defines interest as "the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." It is plain, we think, that the sum recoverable for non-compliance with the conditions of a bail bond is a penalty. It is referred to as a penalty frequently in the decisions of this Court and it has been expressly decided that under Art. 439, C. C. P., the Court might enter judgment against the principal in a different sum from that entered against the sureties, provided the judgment as a whole did not exceed the penal sum fixed by the bond. Williams v. State, 51 Tex. Crim. Rep. 252. This clearly indicates that a judgment on such a bond is in the nature of punishment. It was specifically held in an early case that a judgment by the State against an accused for a fine would not bear interest. State v. Steen, 14 Tex. 396. For other cases tending to support this view, see Adams et al. v. State, 146 S. W. 1086; White v. Manning, 102 S. W. 1163. Whatever may be said against the rule inhibiting interest on such judgments, it seems to have become a settled one in Texas. While some doubt exists in our minds as to the correctness of the rule, it seems best not to open the question, and we therefore follow the Texas precedents. An interesting discussion of the question here presented will be found in the notes appended to 19 L. R. A. (N. S.) 84, and 55 L. R. A. 381. This announcement, however, does not necessarily result in a reversal as the judgment may be reformed so as to exclude interest.

No reversible errors appearing in the record, the judgment of the Court below is accordingly reformed so as to bear no interest and as thus reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing in the instant case the judgment, among other grounds, is attacked upon

the sufficiency of the evidence. We find upon re-examination that the bond declared upon appears not to have been signed by either the alleged principal, Louise Magless, or the sureties named in the judgment nisi or scire facias. The execution of the bond is essential to the validity of the judgment. See Walker et al. v. State, 6 S. W. (2d) 356.

For the reason stated, the motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*