## T. R. (T. A.) Moreland et al. v. The State.

No. 15374.   Delivered November 9, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 1044.

The opinion states the case.

*Arthur Lee Moore* and *Tom McMurray*, both of Fort Worth, for appellants.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The appeal is from a final judgment upon forfeiture of a bail bond.

From the finding of the facts which were filed in response to an application of the appellants, it appears that the defendant was indicted under the name of T. R. Moreland. The offense was transporting liquor capable of producing intoxication. He was arrested and on the 9th day of May, 1931, entered into a bail bond, said bond being approved on May 11, 1931. T. A. Moreland and T. R. Moreland being one and the same person. It appears that the case was originally set for trial on June 11, 1931, and on said date the state announced ready for trial and defendant failed to appear in person or by attorney. The court ordered the clerk verbally to issue an alias capias for said defendant, which alias capias was issued on June 11 and

placed in the hands of the sheriff of Johnson county. While said alias capias was actually issued, no actual forfeiture was taken on the bond at that time and no judgment nisi was taken or entered, but the case was postponed until June 24, 1931, at which time the case was again called for trial and the state announced ready for trial. The defendant was again not present either in person or by attorney and the court ordered the bond of the defendant forfeited and so noted said order on his trial docket and at the same time ordered an alias capias issued as provided by law. It appears from said finding that no judgment nisi was ever actually entered in the minutes of the court on this forfeiture and no alias capias was actually issued at this time for the reason that an alias capias had previously been issued on June 11, 1931, and had never been returned. It appears that on June 27, 1931, Arthur Lee Moore, one of the defendants in this case and the attorney for the remaining defendants, appeared in open court and presented a doctor's certificate showing that the defendant had been injured and was sick and was physically unable to have been in attendance upon the court at the time of the forfeiture of the bond on June 24, 1931, and was still unable to be in court on June 27, 1931. The court agreed to set aside the forfeiture theretofore entered and entered the following order on his trial docket on June 27, 1931, "Forfeiture set aside. Defendant's motion for continuance heard and granted." It further appears from the finding that the sheriff of Johnson county went to Fort Worth, Texas, and found the defendant T. R. Moreland in a certain house in Fort Worth and carried him to the office of Arthur Lee Moore, an attorney in the city of Fort Worth and one of the defendants in this case, where a second bond was entered into by the said T. R. Moreland as principal, O. H. Simpson and L. H. Middleton as sureties. The said bond was entered into on June 27, 1931, and approved on the same day. The defendant Moreland was not brought to Johnson county, Texas, and it was not shown by the record that the taking of said second bond in Tarrant county, Texas, on the 27th day of June, 1931, occurred before or after the forfeiture on the first bond was set aside on the 27th day of June, 1931. The court finds that, after the forfeiture of the bond on June 24, 1931, that he told said Moore to enter into a new bond, but further states in justice to himself that he has no recollection whatever of having made this statement, but makes this finding on the testimony of the said Moore; that at the time of the forfeiture of the first bond, dated

May 9, 1931, on November 18, 1931, the court had no personal knowledge that a second bail bond had been filed in court.

On the 18th day of November, 1931, the defendant T. R. Moreland failing to appear either in person or by attorney, the original bond signed on May 9, 1931, was forfeited by the court and nisi judgment was regularly entered on the minutes of the court.

On March 18, 1932, final judgment was entered against T. R. (T. A.) Moreland as principal in the sum of $1,000 and against his sureties, John F. Shaw, George C. Bussey, and Arthur Lee Moore, in the sum of $1,000 jointly and severally.

The judgment is attacked on several grounds, among which is the following: "An entry on the court's trial docket forfeiting the bond in question having been entered, which order was subsequently set aside and the defendant ordered to enter into another bond, defendant having been arrested and having entered into another bond, which was taken and approved by the sheriff of Johnson county, the trial court erred in subsequently entering a judgment forfeiting the bond in question for the subsequent nonappearance of the principal, instead of entering a judgment forfeiting the second bond given." The cases nearest in point in favor of the contention made by the appellants are Peacock v. State, 44 Texas, 11; Lindsay v. State, 17 Texas App., 120. The general proposition announced in those cases is in effect that the sureties on a bail bond are relieved from liability by a second arrest and bail of their principal on the same indictment and in each case the judgment nisi was set aside while the accused was in custody after default and re-arrest and was subsequently released on a new bond with different sureties. The court held that the sureties on the first bond were not liable for the reason that they were released by the order of the court annulling the judgment nisi while the accused was in custody under his second arrest.

The soundness of the proposition advanced by the appellant must be tested by the facts to which it is to be applied. The alias capias upon which the defendant was arrested when he gave the second bond was dated June 11, 1931, prior to entry of any nisi judgment herein. The record shows that at the time the alias capias was ordered issued no bond forfeiture had been attempted or ordered. The statute provides that a capias may issue in a felony case, first, when the indictment is presented, article 443, C. C. P.; second, when a bail bond is forfeited, article 445, C. C. P.; third, sureties may obtain a warrant for the surrender of the principal by making an affidavit,

article 285, C. C. P. None of these circumstances existed when the alias capias was ordered issued on June 11. Further, at the time of the arrest on this capias the first bond remained in force because of the fact that the forfeiture taken on June 24 was set aside on account of the sickness of the principal in said bond. It is provided by article 445, C. C. P., that where a forfeiture is declared upon a recognizance or bail bond, a capias shall be immediately issued for the arrest of the defendant, and, when arrested, he shall be required to enter into a new recognizance or bail bond unless the forfeiture was set aside under subdivision 3 of article 436, in which case the defendant and his sureties shall remain bound under his present recognizance or bail bond. Subdivision 3 of article 436 provides that the sickness of the principal which prevented his appearance in court shall exonerate the defendant and his sureties from liability upon the forfeiture taken. If the bond was really forfeited as required by law on June 24, there is no question that such forfeiture was set aside on account of the sickness of the defendant. The first bond would not be discharged under the plain provisions of article 445, C. C. P. Defendant was entitled to his release without the making of a new bond and therefore his making the second bond was not required or provided for by law, he not being held in custody or jail and not even carried back to the county in which the case was pending. The opinion is therefore expressed that his making this second bond, when not required or provided for by law, could not add to or take from the liability of the sureties on the first bond.

Appellant also contends that there is a fatal variance between the bond and the judgment nisi and final judgment in that the bond of the parties bound them for $1,000 jointly and severally, whereas the judgment was rendered against the principal in the sum of $1,000 and by and against the sureties for $1,000 each. This same question was raised in the case of C. J. Dunn et al. v. State, No. 15136, 121 Texas Crim. Rep., 30, appealed from Midland county, and was decided adversely to the contention of the appellants in an opinion delivered March 30, 1931, and a motion for rehearing has since been overruled by this court. Reference is made to the opinion in said case for the question herein involved.

The appellant further contends that the proof introduced by the state in this case was insufficient upon which to predicate final judgment in that no indictment was introduced in evidence showing that T. R. (T. A.) Moreland was indicted for any offense. In the case of McWhorter et al. v. State, 14 Texas

App., 239, it is held: "A proceeding upon a forfeited bail bond is in effect a suit upon the bond, in which the scire facias serves the purpose of both a petition and a citation. Its foundation is the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. To entitle the State to a judgment final, it must prove the cause of action as in a civil suit. This proof is made by, first, the bond; second, the judgment nisi declaring its forfeiture." This holding was approved in the case of Martin and Neill v. State, 16 Texas App., 265, in which it is held: "It was not necessary for the State to read in evidence either the indictment or the judgment of conviction had under it. It was only necessary for the State to show the recognizance and the judgment nisi declaring the forfeiture of the same." Citing McWhorter v. State, supra; Arrington v. State, 13 Texas App., 554. See, also, Cooper et al. v. State, 91 Texas Crim. Rep., 289.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., not sitting.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The contention of the appellant touching the claim that the execution of a new bond under the circumstances detailed in the original opinion renders the forfeiture of the bond upon which the judgment is entered unauthorized has received full consideration upon the original hearing, and the conclusion there reached is deemed sound. A further discussion of the matter is pretermitted.

The motion is overruled.

*Overruled.*