# MARCH 22, 1933

### SPOT ALDRIDGE ET AL. V. THE STATE.

No. 15433.   Delivered March 22, 1933.
Reported in 58 S. W. (2d) 522.

The opinion states the case.

*Haag & Stubbeman,* of Midland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from final judgment on forfeiture of a bail bond.

It appears from the record that one Spot Aldridge, as principal, together with C. J. Dunn and Mrs. W. H. Thompson, as sureties, on the 25th day of January, 1930, made an appearance bond payable to the state of Texas in the penal sum of one thousand dollars. On the 25th day of November, 1930, the case being called for trial and Aldridge failing to appear, his bond was forfeited and a proper judgment nisi was rendered against him and said sureties. In said judgment, among other things, was the following recital: "It is ordered, adjudged, and decreed by the court that the State of Texas do have and recover of and from the said Spot Aldridge, as principal, in the sum of one thousand dollars, and in like manner that the State of Texas do have and recover of and from the said C. J. Dunn and Mrs. W. H. Thompson, as sureties, the sum of one thousand dollars each, and that this judgment shall be made final unless good cause be shown at the next term of this court why said

defendant did not appear." The record further discloses that the answer of the surety, Mrs. W. H. Thompson, was filed January 30, 1931, which upon examination shows that she merely requested the court not to make his judgment final until she had opportunity to bring the defendant, Spot Aldridge, into court, which she verily believed she could do during the February term, 1931, of said court. It is further shown by the record that on the 19th day of February, 1931, the court entered a final judgment in said cause but that there was a failure to enter said judgment on the minutes of the district court of Midland county during the February term of said court. It is further shown by the record that upon application of the district attorney the judge entered a nunc pro tunc and final judgment in said cause as of date the 19th day of February, 1931. No notice of the application of the state to render the judgment nunc pro tunc was served upon the surety, Mrs. W. H. Thompson. By a proper writ of error and supersedeas bond, Mrs. W. H. Thompson brings this case to this court upon one proposition, and that is that the court erred in rendering the nunc pro tunc judgment of October 3, 1931, against her because no notice in a nunc pro tunc proceeding was ever given to her.

This exact question of law and substantially the same facts was before this court in Dunn et al. v. State, 53 S. W. (2d) 307, and said contention here made was held adversely to the appellant. In the case before us we have a judgment which was for the first time entered on the minutes of the court on October 3, 1931; no complaint being even now made of its absolute correctness in form and substance. There is neither pretence nor assertion that the judgment then entered is in variant form, or in any way not the judgment actually rendered at a prior term on the 19th day of February, 1931. There is no suggestion in the record before us that had appellant been present that she would have had any defense or that she would or could have had a different judgment entered had she been fully apprized.

In the Dunn case, supra, the authorities are so thoroughly discussed that we deem it unnecessary to enter into any discussion of appellant's contention, except to quote from the closing paragraph of Judge Hawkins' opinion on motion for rehearing: "* * * Assuming that they in fact had no notice of the entry of judgment on October 3d, we have the peculiar situation of parties defendant to a suit who had been duly and regularly cited, who have never denied liability, or filed any answer which could be so construed, coming into a court of equity and asking that they be given relief against a judgment of the court having

jurisdiction, without any averment that they had at the time the judgment was rendered or entered any defense, and in the face of a record showing that they had none. Equity will not move to an idle accomplishment, nor set aside a judgment just and right under the record, upon a showing such as is here revealed. Brown et al. v. Clippinger, 113 Tex., 364, 256 S. W., 254."

Being unable to agree with the contention made by the appellant, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.