JOHN HUTCHINGS, ET AL, V. STATE

No. 32,981. March 22, 1961

Motion for Rehearing Overruled April 26, 1961

WOODLEY, Presiding Judge, absent.

*Dickson and Associates,* by *Bill M. Dickson,* Houston 2, for appellants.

*Frank Briscoe,* District Attorney, *Walter A. Carr* and *Carl E. F. Dally,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

This is an appeal from a bond forfeiture.

Upon the failure of the principal to appear, his $2,500 appearance bond was forfeited and judgment nisi was taken on April 17, 1959. Judgment final was rendered June 1, 1960, but no entry thereof was made in the records of the court until September 26, 1960, which was in another term of said court.

The state's contention that appellants' appeal bond was not timely filed cannot be sustained in view of Rule 306b, T.R.C.P. Appellants' appeal bond was filed on November 10, 1960, within 45 days of entry of judgment nunc pro tunc on September 26, 1960.

The sureties, K. M. Mosk and T. Y. Moore, appeared in person and by their attorney and announced ready for trial on June 1, 1960, when the court rendered final judgment. They went to trial on their original answer which consisted of a general denial.

The sureties contend that the trial court erred in entering the nunc pro tunc judgment of September 26, 1960, because no notice of the nunc pro tunc proceedings was ever given to them. They further insisted that the trial court erred in dismissing their motion for new trial filed October 6, 1960, wherein they sought to interpose defenses to the state's cause of action.

The record shows that no notice of any application for or the entry of judgment nunc pro tunc was given the sureties.

A nunc pro tunc judgment entered without notice will not be set aside unless the appellants could have shown a defense had

they had notice. 8 Tex. Jur. 2d 195, Sec. 69; Aldridge v. State, 123 Tex. Cr. R. 204, 58 S.W. 2d 522. In the absence of any affirmative defense on the main trial, the sureties are precluded from interposing any defenses, if any, on the entry of the nunc pro tunc judgment. 25 Tex. Jur. 417, Sec. 48; 3 Tex. Jur. 2d 634, Sec. 374; Miller v. Trice, Tex. Civ. App., 219 S.W. 229. Hence there was no error in dismissing the motion for new trial on October 14.

The judgment is affirmed.

Opinion approved by the Court.