Hobart **BARRINGTON** et al., Appellants,

v.

*The* **STATE** *of* **Texas,** Appellee.

No. 41814.

Court of Criminal Appeals of Texas.

Feb. 5, 1969.

William C. McDonald, San Angelo, for appellants.

Royal Hart, District Atty., David A. Robertson, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a bond forfeiture.

Judgment nisi was entered in the 119th District Court of Tom Green County on February 28, 1968, reciting that Hobart Barrington, charged by indictment in said court with the felony offense of theft, etc., failed to appear according to the tenor and effect of his bond on file in said county; declaring the bond forfeited and ordering that the State of Texas recover of the said Hobart Barrington as principal and Betty Wallace and H. C. Vinson as

sureties on said bond the sum of $1,000.00 each.

The sureties having answered, judgment was rendered after a hearing on September 10, 1968, making the judgment nisi final. At such hearing the State, among other things, introduced the indictment, bond and judgment nisi.

Appeal was perfected to this Court from such final judgment of forfeiture.

■ Initially, appellants contend the trial court erred in overruling their motion to quash the citations to the sureties for the failure of such citations to require said sureties "to appear at the next term of court." Appellants urge that this was the requirement of former Article 426, Vernon's Ann.C.C.P., 1925, and should still be the law. They candidly acknowledge, however, that the phraseology mentioned was omitted in the 1965 revision of the Code of Criminal Procedure. See Article 22.03, V.A.C.C.P. The omission was by legislative design. We overrule appellants' first contention.

■ Next, appellants urge that there exists a fatal variance between the bond and the final judgment, as well as the judgment nisi. They point out that the bond was signed by Ernest H. Barrington as principal, while the judgment nisi and final judgment show the defendant-principal to be Hobart Barrington. The record reflects that on February 9, 1968, an indictment was presented against Hobart Barrington in Cause No. 8568–B in the 119th District Court of Tom Green County. The bond in question was executed on February 22, 1968, and bears the Cause No. 8568–B. When the accused failed to appear some six days later at a pretrial hearing, the setting of which the accused had been notified of prior to the execution of the bond, the judgment nisi

was entered. Such judgment nisi reflects the trial court's findings that Hobart Barrington had signed the bond in question as Ernest H. Barrinton. See Cooper v. State, 91 Tex.Cr.R. 289, 238 S.W. 658, 20 A.L.R. 410; 8 Tex.Jur.2d, Bail and Recognizance, Sec. 70, p. 196–197.

In their answer as to why the judgment nisi should not be made final, the sureties allege that they were unable to produce the defendant-principal, Hobart Barrington, since he had been indicted in the 144th District Court of Bexar County, Texas, as Ernest Hobart Barrington and was confined in the Bexar County jail. A certified copy of such indictment was attached to such pleading.[1] Further, such pleading reflects that a federal detainer had been placed against the defendant-principal under the name of Ernest H. Barrington with the Bexar County Sheriff's office.

Deputy Sheriff Goode testified that Hobart Barrington was the only Barrington in the Tom Green County jail during the year 1968 and that he knew his full name to be Ernest Hobart Barrington.

Both sureties testified at the hearing that they had made the bond in question for the principal referring to him either as Hobart Barrington or Ernest Hobart Barrington. Appellants' second assignment of error is overruled. Cooper v. State, supra.

■ Lastly, the appellants contend that there is a fatal variance between the bond and judgment nisi and the final judgment in that the bond of the parties bound them for $1,000.00 jointly and severally whereas the judgment was rendered against the principal in the sum of $1,000.00 and against the sureties for $1,000.00 each. This is the same contention as was presented in Moreland v. State, 122 Tex.Cr.R. 452, 55 S.W.2d 1044. There the court, relying upon Dunn v. State, 121 Tex.Cr.R.

1. Such indictment, presented on June 19, 1968, in the 144th District Court charged Ernest Hobart Barrington with the offense of robbery by assault with firearms and alleged such offense occurred on or about the 17th day of May, A.D., 1968, in Bexar County, Texas, almost 3 months after the bond in question was executed.

30, 53 S.W.2d 307, expressly overruled the case of Gass v. State, 110 Tex.Cr.R. 238, 8 S.W.2d 123, cited and relied upon by appellants. Dunn reviewed a number of authorities upon the very question here raised and, after concluding that there was not a fatal variance made clear, however, that its holding did not mean that the amount of the bond was in any event collectable from each of the sureties as well as the principal but that payment by any one of the parties is full and complete settlement and satisfaction for all as far as the State is concerned. See also Aldridge v. State, 123 Tex.Cr.R. 204, 58 S.W.2d 522. Appellants' last contention is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.