NUMBER 13-99-144-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI





____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND RUBEN A. MARIN, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


AND



NUMBER 13-99-145-CV


____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND CUTBERTO S. 

FLORES, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________

AND



NUMBER 13-99-147-CV


____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND MIGUEL ANGEL

QUINTERO, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


AND



NUMBER 13-99-149-CV


____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND JULIAN MENDEZ, JR., Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


AND




NUMBER 13-99-150-CV


____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND EVARISTO ORTIZ

MARTINEZ, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court 


of Refugio County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Yañez


 These five cases were consolidated on appeal at the request of
appellant, Alex R. Hernandez, d/b/a Hernandez Bonding Company
("Hernandez").(1) Also listed as appellants are Ruben A. Marin, Cutberto
S. Flores, Miguel Angel Quintero, Julian Mendez, Jr., and Evaristo Ortiz
Martinez.(2) Appellants challenge the trial court's judgments awarding to
the State post-judgment interest on bail bonds forfeited by Marin,
Flores, Quintero, Mendez, and Martinez. We affirm as modified.

 Marin, Flores, Quintero, Mendez, and Martinez were indicted for
a variety of offenses and posted bond, with Hernandez as surety for the
bonds.(3)
 None of the indicted defendants appeared on their appointed
court dates, and separate judgments nisi, declaring forfeiture, were
issued for the defendants. On December 21, 1998, the trial court held
hearings to determine whether Marin, Flores, Quintero, Mendez, and
Martinez had just cause for failing to appear on their respective trial
dates. Following the hearings, at which Marin, Flores, Quintero,
Mendez, and Martinez failed to appear, the court rendered final
judgment, ordering that the State recover the value of the bonds, plus
costs of suit and post judgment-interest.

 The appellants challenge the award of post-judgment interest. 
Because this is the sole issue raised in each of the appeals, and the
facts of each case are identical, we will address these five appeals with
one opinion.

 Appellants argue that a judgment on a bond forfeiture may not
include post-judgment interest. The State concedes this point. The
parties disagree as to the remedy available on appeal. 

 We agree that the trial court erred in awarding post-judgment
interest. This issue has been addressed by the Dallas Court of Appeals. 
Bailout Bonding Co. v. State, 797 S.W.2d 275, 277-278 (Tex. App.--Dallas 1990, pet. ref'd). The court noted that a "penal judgment, that is,
a judgment in the nature of a fine, must not exceed the penal sum fixed
by the bond." Id. "A judgment on such a bond is in the nature of
punishment." Id. (quoting Magless v. State, 112 Tex. Crim. 646, 18
S.W.2d 669, 670 (1929)). The "sum recoverable for noncompliance
with the conditions of a bail bond is a penalty." Magless, 18 S.W.2d at
670. Awarding interest on a bail bond would result in the forfeiting
party being required to pay an amount in excess of the penalty set by
the bond.

 The award of post-judgment interest was error. Issue number one
is sustained. We MODIFY the judgment to delete the award of post-judgment interest, and AFFIRM as modified.



 ____________________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. Hernandez is an appellant in all five of these appeals.
2. Marin is appellant in cause number 13-99-144-CV, Flores in
cause number 13-99-145-CV, Quintero in cause number 13-99-147-CV,
Mendez in cause number 13-99-149-CV, and Martinez in cause number
13-99-150-CV.
3. Marin and Flores were both indicted for possession of marihuana,
more than fifty pounds, less than 2000 pounds, in unrelated cases. 
Marin's bond was set at $50,000, Flores's at $100,000.

 Quintero, Mendez, and Martinez were each indicted for
possession of marihuana, less than fifty pounds, more than five pounds,
in unrelated cases. Quintero's bond was set at $25,000, Mendez's at
$15,000, and Martinez's at $10,000.

 All the appellants forfeited their bonds on the same day, although
the judgments nisi were issued at different times before the actual
forfeiture hearings.