NUMBER 13-99-143-CV

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI





____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND DANIEL PEDRO

VASQUEZ, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________

AND



NUMBER 13-99-146-CV


____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND FERMIN HERRERA, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________

____________________________________________________________________


On appeal from the 24th District Court 


of Refugio County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Yañez


 These two cases were consolidated on appeal at the request of
appellant, Alex R. Hernandez, d/b/a Hernandez Bonding Company
("Hernandez").(1) Also listed as appellants are Pedro Vasquez and Fermin
Herrera.(2) Appellants challenge the trial court's judgments awarding
ordering bonds posted by Vasquez and Herrera to be forfeited to the
State. We affirm as modified.

 Vasquez was indicted for possession of marijuana, more than fifty
pounds, less than 2000 pounds, and was released upon posting a bond
set at $50,000. In an unrelated case, Herrera was indicted for
possession of marijuana, more than five pounds, less than fifty pounds,
and posted a $10,000 bond. Hernandez was the surety on both bonds. 
Neither Vasquez nor Herrera appeared on their appointed court dates,
and separate judgments nisi, declaring forfeiture, were issued against
them and Hernandez. On December 21, 1998, the trial court held
hearings to determine whether Vasquez and Herrera had just cause for
failing to appear on their respective trial dates. Following the hearings,
at which Vasquez and Herrera failed to appear, the court rendered final
judgment, ordering that the State recover the value of the bonds, plus
costs of suit and post-judgment interest.

 The appellants challenge the judgments in each cause with two
issues. Because the issues and facts in each case, are identical, we will
address the two appeals with one opinion.

 In their second issue, appellants contend that the surety,
Hernandez, did not receive proper notice of the forfeiture hearings and
did not appear at the hearings, thus it was error for the trial court to
order the bonds forfeited.

 The records from the hearings clearly show that Hernandez was
present at the hearings. The reporter's records for the hearings show
that Hernandez spoke at both hearings. At the hearing on the Vasquez
bond Hernandez answered a question by the judge as to whether
Hernandez had a partner in his bonding company. During the Herrera
hearing Hernandez stated that he had no objections to the State's
evidence. Hernandez did not complain to the trial court of a lack of
notice. 

 "The law presumes that a trial court will hear a case only after
proper notice to the parties. To rebut this presumption, appellant has
the burden to show affirmatively a lack of notice by affidavit or
competent evidence." Bruneio v. Bruneio, 890 S.W.2d 150, 155 (Tex.
App.--Corpus Christi 1994, no writ). Hernandez filed motions for new
trial following judgment in both of these cases.(3) The motions were not
ruled upon by the trial court; thus, they were overruled by operation of
law. Tex. R. Civ. P. 329b(c); Cecil v. Smith, 804 S.W.2d 509, 511 (Tex.
1991). Hernandez offered no evidence in support of the motions. 
Without an affidavit supporting his claim that he received no notice,
Hernandez's motions for new trial were defective. Smith v. Mike
Carlson Motor Co., 918 S.W.2d 669, 673 (Tex. App.--Fort Worth 1996,
no writ). Hernandez has offered no evidence to rebut the presumption
that he received proper notice of the forfeiture hearings in question. 
Further, an appearance by a party constitutes waiver of service. Tex. R.
Civ. P. 124; Spivey v. Holloway, 902 S.W.2d 46, 48 (Tex. App.--Houston [1st Dist] 1995, no writ); Houston Crushed Concrete v.
Concrete Recycling Corp., 879 S.W.2d 258, 260 (Tex. App.--Houston
[14th Dist.] 1994, no writ); Dodson v. Seymour, 664 S.W.2d 158, 161
(Tex. App.--San Antonio 1983, no writ). Issue number two is overruled.

 With their first issue, appellants argue that a judgment on a bond
forfeiture may not include post-judgment interest. The State concedes
this point. The parties disagree as to the remedy available on appeal. 


 We agree that the trial court erred in awarding post-judgment
interest. This issue has been addressed by the Dallas Court of Appeals. 
Bailout Bonding Co. v. State, 797 S.W.2d 275, 277-278 (Tex. App.--Dallas 1990, pet. ref'd). The Dallas Court noted that a "penal judgment,
that is, a judgment in the nature of a fine, must not exceed the penal
sum fixed by the bond." Id. "A judgment on such a bond is in the
nature of punishment." Id. at 278. (quoting Magless v. State, 112 Tex.
Crim. 646, 18 S.W.2d 669, 670 (1929)). The "sum recoverable for
noncompliance with the conditions of a bail bond is a penalty." 
Magless, 18 S.W.2d at 670. Awarding interest on a bail bond would
result in the forfeiting party being required to pay an amount in excess
of the penalty set by the bond.

 The award of post-judgment interest was error. Issue number one
is sustained. 

 We MODIFY the judgment to delete the award of post-judgment
interest, and AFFIRM as modified.


 ____________________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. Hernandez is an appellant in both of these appeals.
2. Vasquez is an appellant in cause number 13-99-143-CR, Herrera
in cause number 13-99-146-CR.
3. Hernandez's motion simply alleges that he was deprived of a fair
and impartial trial and that new evidence material to the defense was
discovered after trial. There is no evidence attached to either motion.